UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
KENROY RICHMOND et al.,                        :  **ECF Case**
                                                              :
              Plaintiffs,                           :  Case. No. 08 CV 3577(LTS)(HBP)
                                                              :
              v.                                         :  **PRELIMINARY PRE-TRIAL**
                                                              :  **STATEMENT[1]**
GENERAL NUTRITION CENTERS, INC. et al.,    :
                                                              :
              Defendants.                       :
                                                              :
------------------------------------------------------------------- X

      Plaintiffs Kenroy Richmond, Samuel Warkie, Prince R. Siaw and Marlon Hattimore (collectively "Plaintiffs") and Defendants General Nutrition Centers, Inc. and Neal Blitzer (collectively "Defendants") respectfully submit this Joint Preliminary Pre-Trial Statement as required by the Court's Order of April 22, 2008. This Preliminary Pre-Trial Statement may be altered or amended by the parties at a later time.

## NATURE OF THE ACTION AND JURISDICTION

      This is an employment discrimination action alleging race, color, and national origin discrimination; retaliation; disparate treatment; and hostile work environment arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; under 42 U.S.C. § 1981; and under New York Human Rights Laws, Executive Law §§ 296 and 297. Plaintiffs' also alleges constructive discharge and negligent supervision. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Defendants do not dispute that this Court generally has subject matter jurisdiction over Plaintiffs' claims. No issue exists regarding personal jurisdiction.

---

[1] The parties jointly prepared an initial draft of this filing; however, counsel for Defendants was unavailable today to finalize the document.

1

\6511855.1

## MATERIAL UNCONTESTED AND DISPUTED FACTS

Counsel certify that they have made a good-faith attempt to determine whether there are any material facts that are not in dispute. At present, Defendants will only stipulate to those facts which will be admitted in their Answer to the Complaint.

## UNCONTESTED LEGAL ISSUES

Counsel certify that they have made a good-faith attempt to determine whether there are any legal issues that are not contested.

## LEGAL ISSUES TO BE DECIDED BY THE COURT

1. The parties submit that, on Defendants' motion, the Court will need to determine the legal viability of their defenses if, and when, properly raised:

   a. Whether Plaintiffs' complaint is barred, in whole or in part, by the applicable statute of limitations.

   b. Whether Plaintiffs' complaint is barred, in whole or in part, for failure to timely file an administrative charge with respect to the allegations set forth in the complaint.

   c. Whether Plaintiffs' complaint fails to state a claim upon which relief maybe granted.

   d. Whether Plaintiffs' complaint is barred, in whole or in part, by the doctrine of waiver, estoppel, unclean hands, and laches.

   e. Whether Plaintiffs' complaint is barred, in whole or in part, because Plaintiffs failed to exhaust the applicable administrative remedies.

   f. Whether Plaintiffs' complaint is barred, in whole or in part, because Plaintiffs failed to exhaust the internal administrative remedies of GNC prior to filing the complaint.

 2. The parties submit the Court will need to determine whether Plaintiffs' satisfy the procedural requirements of Federal Rule of Civil Procedure 23 for class certification.

 3. Plaintiffs submit that there are no other legal issues to be decided by the Court, only issues of fact to be decided by a jury. Defendants, however, submit that the following are issues of law that will need to be decided by the Court:

   a. Whether the facts alleged by Plaintiffs satisfy the requirements under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, New York Human Rights Laws, Executive Law §§ 296 and 297.

   b. Whether the Plaintiffs can show that any of the alleged wrongful conduct was motivated on the basis of their race, color, and/or national origin.

   c. Whether the Plaintiffs can establish that any of the alleged wrongful conduct was in retaliation or reprisal for opposing or refusing to participate in such practices, or for complaining of or reporting such practices to others at GNC.

   d. Whether the Plaintiffs can establish that any of the alleged wrongful conduct was in retaliation or reprisal for filing a complaint with the EEOC or for filing an action or participating in an investigation of such conduct.

   e. Whether the Plaintiffs failed to mitigate any purported damages.

   f. Whether the Plaintiffs can establish that they suffered any emotional harm, distress or damages are a result of any alleged wrongful conduct by Defendants.

g. Whether Defendants' conduct toward Plaintiffs at all times and in all respects was proper and was premised upon legitimate, non-discriminatory business reasons.

h. Whether the Defendants subjected Plaintiffs to a hostile or intimidating work environment on account of their race, color and/or national origin.

i. Whether the Plaintiffs unreasonably failed to take advantage of the preventive and/or corrective opportunities, if any, provided by GNC to avoid any alleged wrongdoings.

## LEGAL BASES FOR PLAINTIFFS' CAUSES OF ACTION

Plaintiffs incorporate by reference the entirety of their Complaint as establishing a legal basis for their claims and rely, at this initial, pre-discovery stage, on the animating statutes, seminal precedent, and relevant progeny as further legal bases for their claims. By offering the inexhaustive citations below, Plaintiffs do not intend to waive the right to rely at a later time on any other statute, case, or rule not cited. Rather, they expressly reserve the right to supplement the legal bases for their claims if additional information becomes available in discovery or unforeseen issues are presented during the litigation.

Count 1: Plaintiffs may sue Defendant GNC, under Title VII of the Civil Rights Act of 1964, for employment discrimination in pay, promotion, and termination based on race, color, and national origin. See, generally, International Broth. of Teamsters v. U.S., 431 U.S. 324 (1977) (authorizing disparate-treatment method of proof); Griggs v. Duke Power Co., 401 U.S. 421 (1971) (authorizing disparate-impact method of proof); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) (establishing burden of production in discrimination cases); Swierkiewicz v.

4

\6511855.1

Sorema N.A., 534 U.S. 506 (2002) (recognizing elements of *prima facie* discrimination case may vary); Price Waterhouse v. Hopkins, 490 U.S. 228 (1989) (authorizing mixed-motive analysis in discrimination cases); Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003) (authorizing circumstantial and direct evidence alike in discrimination cases).

Count 2: Plaintiffs may sue Defendant GNC, under Title VII of the Civil Rights Act of 1964, for employer retaliation as a result of opposing workplace discrimination and participating in antidiscrimination protected activity. See, generally, Deravin v. Kerik, 335 F.3d 195 (2nd Cir. 2003) (recognizing claim for retaliation); Fairbrother v. Morrison, 412 F.3d 39 (2nd Cir 2005) (same).

Count 3: Plaintiffs may sue Defendants, under 42 U.S.C. § 1981, for employment discrimination in pay, promotion, and termination based on race, color, and national origin. See, generally, Saint Francis College v. Al-Khazraji, 481 U.S. 604 (1987); Cheung v. Merrill Lynch, Pierce, Fenner & Smith, 913 F. Supp. 248 (S.D.N.Y. 1996) (recognizing viability of national-origin claim under § 1981).

Count 4: Plaintiffs may sue Defendants, under 42 U.S.C. § 1981, for employer retaliation as a result of opposing workplace discrimination and participating in antidiscrimination protected activity. See, generally, Patterson v. Augat Wiring Systems, 944 F. Supp. 1509 (M.D. Ala. 1996); Freeman v. Atlantic Ref. & Mktg. Corp., 1994 WL 156723 (E.D. Pa. Apr. 28, 1994).

Count 5: Plaintiffs may sue Defendants, under state common law, for negligent supervision. See, generally, Bush v. St. Clare's Hospital, 602 N.Y.S.2d 324 (Ct. App. 1993); Haddock v. City of New York, 532 N.Y.S.2d 379 (1st Dep't 1988); Loughry v. Lincoln First

Bank, N.A., 502 N.Y.S.2d 965 (Ct. App. 1986).

Count 6:   Plaintiffs may sue Defendants, under state common law, for constructive discharge. See, generally, Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62 (2nd Cir. 2000).

Count 7:[2]   Plaintiffs may sue Defendants, under New York Human Rights Laws, Executive Law §§ 296 and 297, for employment discrimination in pay, promotion, and termination based on race, color, and national origin. See, generally, Tyler v. Bethlehem Steel Corp., 958 F.2d 1176, 1180 (2d Cir.), cert. denied, 506 U.S. 826, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992) (New York courts rely on federal law when determining discrimination claims under the New York Human Rights Law).

Count 8:   Plaintiffs may sue Defendants, under New York Human Rights Laws, Executive Law §§ 296 and 297, for employer retaliation as a result of opposing workplace discrimination and participating in antidiscrimination protected activity. See, generally, See Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170 (2d Cir. 1996) (New York's Executive Law, like Title VII, prohibits the discharge of employees in retaliation for their oppostition to discriminatory practices or the participation in an investigation under New York Human Rghts Law.)

Class Claims:  Plaintiffs may sue Defendants as a class, under Federal Rules of Civil Procedure 23(b)(1), (b)(2), and (b)(3), because they are sufficiently numerous, common, representative, and adequate with regard to the prospective class of employees in respect to their their claims, request for injunctive relief, and treatment by Defendants.

---

[2] Plaintiffs intend to amend their complaint to assert Counts 7 and 8.

6

\6511855.1

**LEGAL BASES FOR DEFENDANTS' DEFENSES**

1. Plaintiffs' claims pursuant to 42 U.S.C. § 1981 and Title VII fail because Plaintiffs cannot demonstrate that Defendants intentionally discriminated against them on the basis of their race, c7olor and/or national origin.  See, e.g., McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973).

2. Plaintiffs' claims for retaliation on the basis of their race pursuant to 42 U.S.C. § 1981 and Title VII (race, color and national origin) fail because Plaintiffs cannot demonstrate that they engaged in a protected activity on the basis of any protected classification, that Defendants were aware of such protected activity, that they suffered an adverse employment action or that a causal connection exists between Plaintiffs' alleged protected activity and any of Defendants' alleged discriminatory conduct.  See, e.g., Cook v. CBS, Inc., 47 Fed. Appx. 594 (2d Cir. 2002).

3. Plaintiffs' claims for discrimination and retaliation on the basis of their race, color and/or national origin pursuant to 42 U.S.C. § 1981 and Title VII fail because any alleged adverse action taken against Plaintiffs by Defendants were for legitimate, non-discriminatory reasons unrelated to their race, color and/or national origin or alleged protected activity.  See, e.g., Bennet v. Watson Wyatt & Co., 136 F. Supp.2d 236, 249, 250 (S.D.N.Y. 2001); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708 (2d Cir. 1996); Chavez v. Iberia Foods Corp., 2007 WL 1959028 (E.D.N.Y. 2007).

4. Plaintiffs' claims for discrimination on the basis of their race, color and/or national origin fail in whole or in part because GNC exercised reasonable care to prevent and correct promptly any discriminatory or harassing behavior, and Plaintiffs unreasonably failed to

7

take advantage of any preventative or corrective opportunities provided by GNC or to avoid harm or otherwise. See, e.g., Faragher v. City of Boca Raton, 524 U.S. 775 (1998).

5. In order to prevail on a hostile work environment claim, Plaintiffs must present evidence that: 1) the harassment was sufficiently severe or pervasive to alter the conditions of her employment to create an environment a reasonable person would find hostile; and 2) there is a specific basis for imputing the hostile work environment to the employer. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993); Tomka v. Seiler Corp., 66 F.3d 1295, 1305 n.5 (2d Cir. 1995). The Plaintiffs must also show that there is a specific basis for imputing the conduct to the employer. Torres v. Pisano, 116 F.3d 625 (2d Cir. 1997). In determining whether a work environment is hostile or abusive, a court must "look to the totality of circumstances including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" DeWitt v. Lieberman, 48 F. Supp.2d 280, 290 (S.D.N.Y. 1999)(quoting Harris, 510 U.S. at 21). The incidents of alleged offensive conduct must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive. A few alleged comments, even very offensive ones based on racial, sexual or sexual orientation grounds are not sufficiently severe or pervasive to create a valid hostile working environment claim. Holtz v. Rockefeller & Co., 258 F.3d 62, 75 (2d Cir. 2001).

6. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and due to Plaintiffs' failure to timely file an administrative charge and to exhaust their administrative remedies. See, e.g., Floyd v. Lord & Taylor, 96 Fed. Appx. 792 (2d Cir. 2004); 42 U.S.C. § 2000e et seq.

7. Plaintiffs have not satisfied and cannot satisfy the requirements for certification of any type of class under Rule 23 of the Federal Rules of Civil Procedure and/or state law, whichever may be applicable, and this action may not be properly maintained as any type of class action, collective action, or representative action because:

    a. Plaintiffs have failed to plead and/or cannot establish the necessary procedural elements and requirements for treatment as such an action, and such treatment is neither appropriate nor constitutional; and/or

    b. such an action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; and/or

    c. common issues of fact or law which are of legal significance do not predominate, any common facts or law are insignificant compared to the individual facts and issues particular to Plaintiffs and the putative class members they purport to represent, and/or individual issues predominate which will require a detailed, fact-specific and individualized inquiry that must be decided employee-by-employee; and/or

    d. Plaintiffs are not similarly situated to any of the putative class members they purport to represent and their claims are not representative or typical of those of such putative class members; and/or

    e. Plaintiffs are not proper class representatives or representative plaintiffs; and/or

    f. the named Plaintiffs and alleged putative class counsel are not adequate representatives for any alleged putative classes because they are not able to fairly and adequately represent and protect the interests of all of the putative class members they purport to represent; and/or

    g. there is not a well-defined community of interest in the questions of law or

9

fact affecting Plaintiffs and the putative class members they purport to represent; and/or

      h.      any alleged putative classes are not ascertainable, nor are their members identifiable; and/or

      i.      to the extent any alleged putative classes are ascertainable and their members are identifiable, the number of putative class members is too small to meet the numerosity requirement or is not so large that joinder of the individual members would not be impractical; and/or

      j.      a far speedier administrative remedy before state and/or federal administrative agencies is available to Plaintiffs and the putative class members they purport to represent, and, therefore, treatment as a class action, collective action or representative action is not the superior method for resolving the alleged claims. <u>See, e.g.</u>, <u>Attenbourough v. Const. and Gen. Bldg. Laborers' Local 79</u>, 238 F.R.D. 82 (S.D.N.Y. 2006); Fed. R. Civ. P. 23.

## **PROOF**

Plaintiff submits that the proof standards are consistent with the legal bases they identified in the discussion on the legal bases for their claims. To reiterate, the <u>McDonnel Douglas</u> burden-shifting analysis applies in employment discrimination cases. Plaintiffs may meet their burden of proof using both direct and circumstantial evidence. Plaintiffs' method of proof may include both evidence of disparate treatment and impact.

Defendants submit that the burden and allocation of proof in employment discrimination cases is well established.  First, "the plaintiff has the burden of proving by a preponderance of the evidence a <u>primafacie</u> case of discrimination." <u>Texas Dep't of Cmty. Affairs v. Burdine</u>, 450 U.S.

248, 252-53, 101 S. Ct. 1089, 1093 (1981) (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973)).  Second, if the plaintiff succeeds in establishing the primafacie case, "the burden shifts to the defendant (to articulate some legitimate, nondiscriminatory reason for the [adverse employment decision])." Id. at 253.  Third, if the defendant satisfies this burden, the plaintiff may defeat summary judgment only upon a showing that defendant's proffered reason was false and that discrimination was the true reason for defendant's actions.  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515, 113 S. Ct. 2742, 2751-52 (1993).  The ultimate burden of persuading the trier of fact remains at all times with the plaintiff. Burdine, 450 U.S. at 253, 101 S. Ct. at 1093; Hicks, 509 U.S. at 511, 113 S. Ct. at 2749; Napier v. Town of Hempstead, 152 F.3d 919 (2d Cir. 1998); McLee v. Chrysler Corp., 109 F.3d 130 (2d Cir. 1997).

"A claim for constructive discharge must be dismissed as a matter of law unless the evidence is sufficient to permit a rational trier of fact to infer that the employer deliberately created working conditions that were 'so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign.'"  Pena v. Brattleboro Retreat, 702 F.2d 322, 325 (2d Cir. 1983).  This standard contains two separate elements: first, that the employer acted *deliberately*, and second, that the conditions were such that a reasonable employee in the plaintiff's shoes would have been compelled to resign.  Ternullo v. Reno, 8 F.Supp.2d 186, 190 (N.D.N.Y. 1998). The burden placed on a plaintiff to demonstrate a constructive discharge is a heavy one.

In order to prevail on a hostile work environment claim, Plaintiffs must present evidence

11

that: 1) the harassment was sufficiently severe or pervasive to alter the conditions of their employment to create an environment a reasonable person would find hostile; and 2) there is a specific basis for imputing the hostile work environment to the employer. Tomka v. Seiler Corp.,66 F.3d 1295, 1305 n.5 (2d Cir. 1995).  GNC also will be able to present an affirmative defense to liability.  The United States Supreme Court has stated:

> When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability ... The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer to avoid harm otherwise."

Ellerth, 524 U.S. at 765; Faragher, 524 U.S. at 807. The ultimate burden of persuading the trier of fact remains at all times with the plaintiff.

A district court's analysis of a motion for class certification generally proceeds in two steps, both of which are governed by Rule 23. Fed.R.Civ.P. 23.  In Gen. Tele. Co. of Southwest v. Falcon, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), the Supreme Court stated that a "Title VII class action, like any other class action, may only be certified if the trial court is satisfied after a *rigorous analysis,* that the prerequisites of [Federal Rule of Civil Procedure] 23(a) have been satisfied." Id. at 161, 102 S.Ct. 2364 (emphasis added). Rule 23(a) provides:

> (a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

If a court determines that the Rule 23(a) requirements have been met, it must then decide whether the class is maintainable pursuant to one of the subsections of Rule 23(b), which govern,

*inter alia,* the form of available relief and the rights of absent class members. The Plaintiffs carry the ultimate burden of establishing that the requirements of [Rule 23](#) have been met. Attenborough v. Const. and Gen. Bldg. Laborers' Local 79, 238 F.R.D. 82, 92 (S.D.N.Y. 2006).

## AMENDMENT OF THE PLEADINGS

The parties have not agreed to a deadline for amending the pleadings and joining additional parties.

## CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE

The parties do not consent to proceed before a Magistrate Judge.

## Fed. R. Civ. P. 26(a)(1) DISCLOSURES

The parties do not anticipate that any changes to the form or requirements of the disclosures under Federal Rule of Civil Procedure 26(a) are necessary and have agreed that such disclosures should be served on or before September 26, 2008.

## DISCOVERY

*Plaintiffs anticipate that discovery will be needed generally on the following topics*:

1. Defendant GNC's policies and practices on pay, promotion, and termination;

2. Defendant GNC's policies on antidiscrimination in the workplace;

3. Defendant GNC's training of manager on antidiscrimination policies;

4. Defendants Blitzer's personnel file and work history;

5. Past complaints of discrimination, including administrative investigations and lawsuits;

6. Pay data for employees similarly situated to Plaintiffs for last 15 years;

7. Promotion data for employee similarly situated to Plaintiff for last 15 years;

8. Income and earnings of Defendant for last 5 years; and

9. Plaintiffs' personnel files.

***Defendants anticipate that discovery will be needed on the following topics***:

1. The facts and circumstances surrounding Plaintiffs' termination and alleged discriminatory conduct;

2. The facts and circumstances surrounding Plaintiffs' claims for an alleged hostile work environment;

3. The facts and circumstances surrounding Plaintiffs' claims for retaliation;

4. The extent of Plaintiffs' alleged damages including lost wages and benefits;

5. Plaintiffs' alleged emotional distress;

6. Plaintiffs' filing of their administrative charges; and

7. Plaintiffs' efforts to mitigate their damages.

Plaintiffs foresee no need to stagger or segregate the production of discoverable information. They, therefore, submit that discovery should commence immediately and be conducted expeditiously and simultaneously with regard to all topics or subject matter that may lead to discoverable information. Defendant, however, believes discovery should be conducted in phases or limited or focused on particular issues.

The parties anticipate that there will be a need to take more than the number of depositions mandated by Federal Rule of Civil Procedure 30. The parties request permission to serve more than the number of interrogatories mandated by Federal Rule of Civil Procedure 33.

14

\6511855.1

In addition to the foregoing, the parties reserve the right to seek discovery on other issues that may arise during the course of the litigation and the right to object to individual discovery requests as appropriate.

## EXPERT DISCOVERY

Plaintiffs anticipate that expert discovery may be needed on the issue of disparate impact in pay and promotion for purposes of establishing both liability and damages. The parties anticipate that expert discovery may be needed on the issue of the Plaintiffs' damages. The parties believe that any expert opinions should be disclosed no later than mid-March of 2009 and experts should be made available for depositions no later than two weeks before that date.

## STATUS OF SETTLEMENT

The parties held preliminary settlement discussions on August 26, 2008, and agree that there is no likelihood for prompt settlement at this time.

## TRIAL BY JURY

Plaintiffs have demanded a trial by jury. The parties agree the entire case should take approximately 7 days to complete.

## OTHER ORDERS

1. Defendant anticipates seeking a protective order to prevent the disclosure of confidential proprietary or business information requested from GNC during the course of discovery, and if necessary, will provide the Court with a proposed stipulation concerning such information. Plaintiff anticipates opposing such a motion and stipulation.

2. The parties propose (unless otherwise noted) the following dates for a scheduling

order:

    A.    File answers to complaint on or before September 22, 2008.

    B.    Exchange automatic disclosures required under Federal Rule of Civil Procedure 26(a)(1) on or before September 26, 2008.

    C.    Serve initial discovery requests on opposing parties, including interrogatories and document requests, on or before October 1, 2008.

    D.    Amend all pleadings and/or join additional parties on or before:

        Plaintiffs Propose:    December 10, 2009
        Defendants Propose:    __.

    E.    Serve responses to all discovery requests on opposing parties by:

        Plaintiffs Propose:    December 30, 2009
        Defendants Propose:    __.

    F.    Plaintiffs identify expert witnesses and produce expert reports on or before:

        Plaintiffs Propose:    January 29, 2009
        Defendants Propose:    __.

    G.    Defendants identify expert witnesses and produce expert reports on or before:

        Plaintiffs Propose:    February 28, 2009
        Defendants Propose:    __.

    H.    Close of expert discovery on:

        Plaintiffs Propose:    March 15, 2009
        Defendants Propose:    __.

    I.    File Dispositive motions on

        Plaintiffs Propose:    March 30, 2009
        Defendants Propose:    __.

\6511855.1

ALTERNATIVE SCHEDULE

    F.    Plaintiffs identify expert witnesses on or before:

        Plaintiffs Propose:    January 9, 2009
        Defendants Propose:    December 2, 2008.

    G.    Defendants identify any expert witnesses on or before:

        Plaintiffs Propose:    January 24, 2009
        Defendants Propose:    February 13, 2009.

    H.    Plaintiffs disclose expert reports on or before:

        Plaintiffs Propose:    February 8, 2009
        Defendants Propose:    January 30, 2009.

    I.    Defendants disclose expert reports on or before:

        Plaintiffs Propose:    March 10, 2009
        Defendants Propose:    March 13, 2009.

    J.    Close of expert discovery on:

        Plaintiffs Propose:    March 25, 2009
        Defendants Propose:    __.

    K.    File dispositive motions on or before:

        Plaintiffs Propose:    April 9, 2009
        Defendants Propose:    May 8, 2009.

Dated: September 2, 2008
       New York, New York

DOMAN DAVIS LLP                                McGUIREWOODS LLP


By: _____       By:    ___/s/ Philip A. Goldstein_____
    Daryl Davis (DD 8473)                        Kimberly Q. Cacheris (pro hac vice motion pending)
    245 Park Avenue, 39th Floor                  Philip A. Goldstein (PAG 0908)
    New York, NY 10167                           1345 Avenue of the Americas, 7th Floor
    *Counsel for Plaintiffs*                     New York, New York 10156-0106
                                                 *Counsel for Defendants*

18

\6511855.1

**CERTIFICATE OF SERVICE**

        This is to certify that on September 2, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties, as listed below, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Daryl Davis, Esq.
Doman Davis LLP
245 Park Avenue, 39th Floor
New York, NY 10167
(646) 217-0973


/s/ Philip A. Goldstein
Philip A. Goldstein

19

\6511855.1