

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHMOND,

          Plaintiff(s),

-against-

GENERAL NUTRITION CENTERS,

          Defendant(s).

No. 08 Civ. 3577 (LTS) (HBP)

PRE-TRIAL
SCHEDULING
ORDER

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

      A pre-trial conference was last held in this matter on September 5, 2008. The Court hereby makes the following provisions for scheduling and trial in this matter. To the extent copies of this Order were not distributed to all parties in open court, Plaintiff's counsel[1] shall serve a copy of this Pre-Trial Scheduling Order on counsel for each other party and on each unrepresented party within ten (10) days from the date hereof, and a copy of this Pre-Trial Scheduling Order shall be served with any subsequent process that brings in additional parties. Proof of such service shall be filed promptly with the Court.

1.    Amendments to Pleadings, Additional Parties

    All applications to amend pleadings or join parties, or amendments or joinders as of right, shall be made by **October 31, 2008**.

2.    Discovery

    a.    All non-expert witness discovery in this matter shall be completed by **April 30, 2009**.

    b.    Plaintiff(s) shall make expert witness disclosures described in Rule 26(a)(2) of the Federal Rules of Civil Procedure no later than **45 days before the date set forth in paragraph 2.c. below**. Defendant(s) shall make such disclosures no later than **20 days before the date set forth in paragraph 2.c. below**. Such disclosures shall be made in writing, signed and served, but shall <u>not</u> be filed with the Court.

---

[1]    As used in this Pre-Trial Scheduling Order, the term "counsel" shall, in the case of an individual party who is proceeding Pro-se, mean such party.

    c.    All expert witness discovery shall be completed by **April 30, 2009**.

3. Dispositive Pre-Trial Motions

    Dispositive motions, if any, seeking resolution, in whole or in part, of the issues to be raised at trial shall be served and filed on or before **June 1, 2009**. No pre-motion conference is required, but the parties must comply with the consultation and certification requirements of Paragraph 2.B. of the Individual Practices Rules of the undersigned. If the movant believes the motion, if granted, would obviate entirely the necessity of a trial in this matter, the movant shall so state in a separate MOTION FOR STAY, which shall be served and filed with the moving papers, and may in such stay motion request that the Court defer the remaining requirements of this Order pending its decision on the dispositive motion. Unless the Court grants such stay motion, the filing of a dispositive motion <u>does</u> <u>not</u> affect the parties' obligations under this Order.

4. Other Pre-Trial Motions

    Other motions, including but not limited to motions in limine relating to evidentiary issues, must be filed and served no later than thirty (30) days before **the date set forth in paragraph 9 below**, unless otherwise allowed by the Court for good cause shown.

5. Preliminary Conference

    Counsel for the parties shall confer preliminarily at least forty-five (45) days before **the date set forth in paragraph 9 below**. At or prior to this preliminary conference, counsel shall provide copies of each proposed exhibit for inspection by opposing counsel and for waiver or noting of objection and shall make the disclosures required by Fed. R. Civ. P. 26(a)(3). At the preliminary conference, counsel shall discuss (a) settlement, (b) any anticipated further motion practice, including motions in limine, and (c) the matters required to be addressed in their Joint Pre-Trial Statement, as set forth in paragraph 6 below.

6. Joint Pre-Trial Statement

    Counsel for all parties shall confer and shall prepare, execute and file with the Court, with one courtesy copy provided to chambers of the undersigned, no later than ten (10) days before **the date set forth in paragraph 9 below**, a single document captioned JOINT PRE-TRIAL STATEMENT, which shall include:

    a.    A concise statement of the legal issues to be decided.
    b.    A concise statement of the material facts not in dispute.
    c.    A witness list containing the names, addresses and a brief summary of the

        testimony of each witness each party will call. A person not identified on this list may not be called during a party's case in chief.

d.    A final exhibit list in tabular form containing the following information for all exhibits to be offered at trial. Exhibits not identified on this list may not be offered during a party's case in chief. The format shall be substantially as illustrated below.

| Exhibit Number or Letter | Description | Objection(s), if any | Status |
|---|---|---|---|
|  |  |  |  |

      i.    Plaintiff's exhibits shall be identified by numbers (e.g., Plaintiff's Exhibit 1, Plaintiff's Exhibit 2) and Defendant's Exhibits shall be identified by letters (e.g., Defendant's Exhibit A, Defendant's Exhibit B). If there is more than one Plaintiff or Defendant, the parties shall coordinate their designations so as to avoid duplication.

      ii.   In the "Objection(s)" column of the table, one asterisk should be entered to indicate exhibits to which no party objects on grounds of authenticity, and two asterisks should be entered to indicate exhibits to which no party objects on any ground. Any objections must be explained briefly, with citation to the relevant Federal Rule of Evidence or other legal authority.

      iii.  The "Status" column should be left blank, for later use by the Court.

e.    A list of the depositions, if any, to be offered at trial, with notation and explanation (including citation to the relevant legal authority) of any objections to the designations.
f.    Stipulations, if any, as to the admissibility of exhibits and depositions.
g.    Each party's statement as to whether the case is to tried before a jury.
h.    A statement as to whether or not all parties consent to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).
i.    Each party's estimate of the time required for presentation of its case.

When feasible, the Joint Pre-Trial Statement should also be submitted to Chambers on a CD-Rom in WordPerfect version 6 or higher format.

The following documents must be annexed to, or submitted to Chambers concurrently with, the Joint Pre-Trial Statement:

One copy of each documentary exhibit to be offered at trial. Such exhibits must be pre-marked. In the event that a party intends to offer more than 15 documentary exhibits at the trial, the exhibits should be tabbed and included in a binder for easy reference. On the day of trial, counsel shall bring additional pre-marked copies for use by witnesses, the courtroom deputy, the court reporter, opposing parties and (if applicable) the jury.

7. Proposed Voir Dire, Requests to Charge and Verdict Form

   a. In a case to be tried before a jury, and no later than five (5) business days before **the Final Pre-Trial Conference date set forth in paragraph 9 below**:

      i. each party shall serve on each other party and file with the Court its proposed voir dire and verdict form. Prior to service and filing of the proposed voir dire and verdict form, counsel shall provide copies to opposing counsel for inspection and noting of objection; and

      ii. The parties shall file a single document captioned JOINT REQUESTS TO CHARGE, which shall include the full text of all of their respective proposed jury instructions and a brief explanation of the objections, if any, to any disputed requests to charge, with citations to the relevant legal authority.

   b. When feasible, proposed voir dire, requests to charge and verdict forms shall also be submitted to Chambers on a CD-Rom in WordPerfect version 6 or higher format.

8. Proposed Findings of Fact and Conclusions of Law

   If the case is not to be tried before a jury, each party shall serve on each other party and file with the Court its proposed findings of fact and conclusions of law, which shall be broken down into separately enumerated paragraphs, no later than five (5) business days before **the Final Pre-Trial Conference date set forth in the following paragraph**. When feasible, the proposed findings of fact and conclusions of law should also be submitted on a CD-Rom in WordPerfect version 6 or higher format.

9. Final Pre-Trial Conference

   The parties are directed to appear before the undersigned in Courtroom No. 17C[2], 500 Pearl Street, New York, NY 10007, for a final pre-trial conference on **September 11,**

---

[2] On the day of the conference, check the electronic board in the lobby to be certain of the proper courtroom.

**2009**, at **11:00 a.m**. The purpose of the conference is to explore the possibility of settlement, schedule the trial (which shall, the Court's calendar permitting, commence within two weeks after the conference) if necessary, to review the issues to be tried and the proof to be offered in connection therewith, and to resolve any remaining pre-trial issues.

The counsel who plan to try the case must appear at such conference. Counsel attending the conference shall seek settlement authority from their respective clients prior to such conference. If counsel is not granted such authority, the client must be present in person or available by telephone so that a settlement can be consummated if possible. "Settlement authority," as used in this order, includes the power to enter into stipulations and make admissions regarding all matters that the parties may reasonably anticipate discussing at the pre-trial conference including, but not limited to, the matters enumerated in this Pre-Trial Scheduling Order.

The Court will not adjourn the final pre-trial conference or excuse the appearance of a party or its counsel unless a stipulation of settlement is on file prior to the pre-trial conference date set forth in this paragraph 9.

10. <u>No Adjournment of Deadlines</u>

   The deadlines set forth in this Pre-Trial Scheduling Order will not be adjourned except in the Court's discretion upon good cause as shown in a written application signed by both counsel and counsel's client and served upon all parties. "Good cause," as used in this paragraph, does not include circumstances within the control of counsel or the client.

11. <u>Non-Compliance with This Order</u>

   In the event that any party fails to comply with this Pre-Trial Scheduling Order, or is not prepared to go forward with trial on the date scheduled, the Court may impose sanctions or take other action as appropriate. Such sanctions and action may include assessing costs and attorney's fees, precluding evidence or defenses, dismissing the action, granting judgment by default, and/or other appropriate penalties.

In particular, the parties are advised that the Court may, without further hearing, render judgment in favor of the adverse party if a party is not prepared to proceed to trial within two weeks of the scheduled final pre-trial conference date.

12. <u>Other Matters</u>

Defendant shall promptly produce the personnel files and pay histories of the named plaintiffs, and the parties shall discuss further discovery.

The parties shall promptly meet with Judge Pitman concerning settlement, discovery and class certification motion practice issues.

IT IS SO ORDERED.

Dated:   New York, New York
         September 5, 2008

                                    _____
                                    LAURA TAYLOR SWAIN
                                    United States District Judge