UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

KENROY RICHMOND, et al.,                    :

                    Plaintiffs,    :    08 Civ. 3577 (LTS)(HBP

     -against-                     :    ORDER

GENERAL NUTRITION CENTERS INC.,    :
et al.,
                                   :
                    Defendants.
                                   :
----------------------------------X

          PITMAN, United States Magistrate Judge:

          A conference having been held in this matter on August

5, 2009 during which various discovery and scheduling issues were

discussed, for the reasons stated on the record in open court, it

is hereby ORDERED that:

          1.  The plaintiffs who have not produced federal

          income tax returns for the years after they left

          defendant's employment are directed to request copies

          of their income tax returns from the Internal Revenue

          Service for all years after they left defendant's

          employment no later than August 6, 2009.  The request

          is to be sent to the Internal Revenue Service by

          registered or certified mail, and plaintiff's counsel

          is directed to send or fax a copy of registered or

          certified mail receipt to my chambers no later than

          August 7, 2009.  In light of the fact that theses tax

returns were requested in January 2009 and plaintiffs
have done nothing for approximately seven months to
obtain copies, an unjustified failure to comply with
this Order will result in the imposition of sanctions
which may include the dismissal of the claims of any
defaulting plaintiff.

2.  To the extent they have not already been
produced, all documents in plaintiffs' possession,
custody or control concerning plaintiffs' actual
employment (or efforts to obtain employment) after
their employment with General Nutrition Center ended
shall be produced to defendants' counsel no later than
August 10, 2009.

3.  To the extent defendants are seeking amended
or supplemental answers to interrogatories, their
application is denied without prejudice.  Any renewed
application must include copies of the allegedly
deficient interrogatory answers and an explanation of
why each of the interrogatory answers in issue is
deficient.

4.  By Monday August 10, 2009, defendants are to
review their interrogatory answers and make any changes
or corrections necessary to ensure that the
interrogatory answers are true and correct in all

2

respects.  Interrogatory 17 is limited to Blitzer and
is limited to the five-year period prior to the
earliest employment of any of the plaintiffs by General
Nutrition Centers, Inc.

    5.  If plaintiffs wish to make an application
concerning defendants' alleged failure to make a
thorough search for documents responsive to plaintiffs'
document requests, the application is to be accompanied
by the deposition testimony that plaintiffs claim
supports their arguments.

    6.  Plaintiffs' application for an extension of
time to make the disclosures required by Fed.R.Civ.P.
26(a)(2) (expert disclosures) (Docket Item 32) is
denied.  Plaintiffs argue in their motion that an
extension is necessary because defendants have failed
to produce certain documents necessary for their
experts to draft their reports.  To this date, however,
plaintiffs have never made any application to compel
defendants to produce the documents in issue.  Thus,
the plaintiffs' claimed lack of the documents necessary
for the experts' reports is the product of plaintiffs'
own lack of diligence in pursuing this litigation.[1]

_____

    [1]At the conference held on August 5, 2009, plaintiffs'
counsel made an oblique reference to the fact that his son is
                                        (continued...)

7.  The time for the service of dispositive

motions is extended to September 30, 2009.

Dated:  New York, New York
        August 6, 2009

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Daryl E. Davis, Esq.
Doman Davis LLP
Suite 511
265 Canal Street
New York, New York  10013

Philip A. Goldstein, Esq.
Benjamin Holland, Esq.
McGuire Woods LLP
7th Floor
1345 Avenue of the Americas
New York, New York  10105-0106

---

[1](...continued)
chronically ill and suggested that this was the reason for his
failure to seek the documents needed by plaintiffs' experts.
Without question, any parent faced with a choice between work and
a child's health emergency can make only one rational choice.
However, the record does not currently establish that the time
demands resulting from this situation were sufficiently extreme
to excuse counsel's failure to proceed with greater alacrity.  If
counsel wishes to renew his application on this basis, he may do
so, but any renewed application should explain with specificity
how counsel's parental obligations prevented him from complying
with the Court's scheduling Order.