Kimberly Q. Cacheris (KQC 7179)
Philip A. Goldstein (PAG 0908)
Benjamin R. Holland (BRH 4426)
McGuireWoods LLP
1345 Avenue of the Americas, 7th Fl.
New York, New York 10105-0106
(212) 548-2100
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
KENROY RICHMOND, SAMUEL WARKIE,          :   **ECF Case**
PRINCE R. SIAW AND MARLON HATTIMORE,     :
                                         :   Case No: 08 CV 3577 (PAE)(HBP)
            Plaintiffs,                  :
                                         :
    -against-                            :
                                         :
GENERAL NUTRITION CENTERS INC. AND       :
NEAL BLITZER,                            :
                                         :
            Defendants.                  :
---------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN *LIMINE* TO
EXCLUDE EVIDENCE OF PLAINTIFFS' DAMAGES**

**Table of Contents**

Page

I. INTRODUCTION ........................................................................................................... 1
II. FACTUAL BACKGROUND .......................................................................................... 1
III. ARGUMENT ................................................................................................................... 9
    A. Legal Framework ................................................................................................ 9
    B. The Court Should Preclude Plaintiffs From Introducing Evidence of Damages at Trial ................................................................................................ 10
IV. CONCLUSION .............................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Design Strategy, Inc., v. Davis, et al,
    469 F.3d 284 (2d Cir. 2006) ............................................................................................... 11

Fleming v. Verizon N.Y.,
    2006 U.S. Dist. LEXIS 68632 (S.D.N.Y. 2006) ................................................................ 10

Linde v. Arab Bank, PLC,
    269 F.R.D. 186 (E.D.N.Y. 2010) ........................................................................................ 10

Nosal v. Granite Park LLC,
    269 F.R.D. 284 (S.D.N.Y. 2010) ........................................................................................ 10

Roberts v. Ground Handling, Inc.,
    2007 U.S. Dist. LEXIS 69992 (S.D.N.Y. 2007) ................................................................ 11

Rojo v. Deutsche Bank,
    2009 U.S. Dist. LEXIS 110848 (S.D.N.Y. 2009) .............................................................. 10

Underpinning & Foundation Skanska, Inc. v. Travelers Cas. & Sur. Co. of America,
    726 F. Supp.2d 339 ............................................................................................................. 11

Ventra v. United States,
    121 F. Supp.2d 326 (S.D.N.Y. 2000) ................................................................................. 10

**OTHER AUTHORITIES**

Local Civil Rule 33.3 ................................................................................................................ 6, 7

Fed. R. Civ. P. 26 ................................................................................................................ passim

Fed. R. Civ. P. 37 ................................................................................................................ passim

Fed. R. Civ. P. 34 ........................................................................................................................ 1

NOW COME Defendants General Nutrition Corporation (incorrectly named herein as General Nutrition Centers Inc.) ("GNC") and Neil Blitzer (incorrectly named herein as Neal Blitzer), by and through counsel, and pursuant to Federal Rules of Civil Procedure 26(a)(1)(A)(iii), 37(b)(2)(A)(ii) and 37(c)(1), and state as follows in support of their Motion in *Limine* to preclude Plaintiffs from introducing any evidence of damages at trial:

## I.     INTRODUCTION

Plaintiffs have failed to provide any calculation of damages to Defendants as required by Fed. R. Civ. P. 26(a)(1)(A)(iii) and as requested by Defendants repeatedly in discovery. Plaintiffs also have failed to provide Defendants with their post-GNC employment tax returns and other damages-related evidence as required by Order of this Court dated August 8, 2009. (Dkt. No. 41, ¶¶1-2). Plaintiffs further failed to timely designate any expert witness on the issue of damages and have been forbidden by this Court from designating any such expert. *Id*. Given this repeated and blatant disregard for Court Order and the Federal Rules of Civil Procedure, Defendants now move to exclude Plaintiffs from introducing evidence of their damages at trial, which is the automatic sanction for Plaintiffs' misconduct under Fed. R. Civ. P. 37.

## II.     FACTUAL BACKGROUND

1.     Plaintiffs' Fed. R. Civ. P. 26(a)(1) disclosures were due in this lawsuit on November 14, 2008. Among other things, Fed. R. Civ. P. 26(a)(1) requires Plaintiffs to automatically provide Defendants with:

> A ***computation of each category of damages*** claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

(emphasis added)

2.	The November 14, 2008 deadline expired without Plaintiffs serving Initial Disclosures.

3.	On January 21, 2009, having still not received Plaintiffs' Initial Disclosures, Defendants served Plaintiffs with discovery requests, seeking in large part the information that should have been automatically provided by Plaintiffs pursuant to Fed. R. Civ. P. 26(a)(1), including Plaintiffs' damages calculation and any documents related thereto.[1]

4.	Plaintiffs failed to timely respond to Defendants' written discovery and on February 25, 2009, Defendants' counsel contacted counsel for Plaintiffs requesting an update on Plaintiffs' overdue discovery responses.[2]  On February 26, 2009, Plaintiffs' counsel advised counsel for Defendants that Plaintiffs would serve discovery responses on or before March 2, 2009.  *Id*.

5.	Plaintiffs did not serve their responses on or before March 2, 2009, and their failure to do so forced Defendants to postpone Plaintiffs' depositions which, at the time, were also scheduled for March 2, 2009.

6.	On March 9, 2009, forty-seven (47) days after Defendants' written discovery was served, Plaintiffs' counsel called counsel for Defendants and advised that Plaintiffs would serve their discovery responses on the following day.  *Id*.  Plaintiffs did not.

7.	On March 30, 2009, Defendants contacted Plaintiffs' counsel to again request that Plaintiffs serve their discovery responses.  *Id*.

---

[1]	Pertinent portions of Defendants' discovery requests to each Plaintiff and Plaintiffs' responses thereto are attached as Exhibit 1 to the Affidavit of Philip A. Goldstein (hereinafter referred to as "Goldstein Aff.").

[2]	Pertinent portions of the correspondence between the Parties' counsel regarding these discovery issues is attached as Goldstein Aff., Ex. 2.

2

8. On May 14, 2009, Plaintiffs finally served their Initial Disclosures, which were nearly six months overdue, but still provided no response to Defendants' written discovery requests.[3] Additionally, Plaintiffs' Initial Disclosures failed to provide any damages calculation and instead simply stated as follows on the issue:

> Plaintiffs will be seeking money damages, interests, and punitive damages in an amount to be determined at trial as Plaintiffs have not yet completed discovery and need discovery from Defendants for their calculations. Plaintiffs reserve the right as discovery continues, to supplement this disclosure.

*Id*.

9. On May 20, 2009, Defendants once again wrote Plaintiffs' counsel regarding Plaintiffs' failure to respond to Defendants' January 21, 2009 written discovery requests, which were then approximately three (3) months overdue. *See* Goldstein Aff., Ex. 2.

10. On May 28, 2009, Magistrate Judge Pitman held a telephonic conference with the Parties about discovery and other pre-trial deadlines. Plaintiffs' counsel assured the Court during this conference that Plaintiffs would serve their responses to Defendants' Interrogatories that same day, and that Plaintiffs' responses to Defendants' Document Requests would be served on May 29, 2009.

11. On May 29, 2009, Plaintiffs' counsel arrived at counsel for Defendants' office and served Defendants with two sets of written discovery ***requests*** from Plaintiffs, as opposed to the discovery responses that Plaintiffs had promised to serve. *Id*. Notably, these were the ***ninth and tenth*** sets of written discovery served by Plaintiffs, and Defendants had timely responded to all eight (8) sets of Plaintiffs' earlier discovery. Goldstein Aff. at ¶4.

12. During this May 29, 2009 meeting, counsel for Defendants reminded Plaintiffs' counsel that just one day earlier, he had represented to the Court that Plaintiffs' discovery

---

[3] Pertinent portions of Plaintiffs' Initial Disclosures are attached hereto as Goldstein Aff., Ex. 3.

3

responses would be provided by that day. *Id*. at ¶5. Plaintiffs' counsel claimed that he had sent the responses to Defendants' counsel's office via messenger, and that he would look into the matter. *Id*. Curiously, Plaintiffs' counsel did not explain why he would send Plaintiffs' discovery responses via messenger, yet simultaneously hand deliver Plaintiffs' ninth and tenth sets of discovery requests. *Id*.

13. On June 23, 2009, following a telephonic conference with Magistrate Judge Pitman, and over four (4) months after Plaintiffs' responses to Defendants' discovery requests were due, Plaintiffs' counsel hand delivered Plaintiffs' document production to counsel for Defendants, which consisted of 165 documents. *See*, Goldstein Aff. at ¶6.

14. No substantive written responses to Defendants' document requests accompanied Plaintiffs' production. *Id*. Moreover, approximately 140 of these documents were items that Defendants previously produced to Plaintiffs. *Id*. In other words, Plaintiffs handed Defendants back some duplicates of their own documents, along with 25 pages of extremely limited damages evidence for Plaintiffs Richmond and Hattimore.[4] No damages evidence whatsoever was provided for the other Plaintiffs, but Plaintiffs' counsel represented that additional documents were forthcoming. *See*, Goldstein Aff. at ¶6.

15. On June 30, 2009, Defendants' counsel wrote Plaintiffs' counsel regarding Plaintiffs' failure to provide Defendants with substantive written responses to their discovery requests. *See*, Goldstein Aff., Ex. 2.

---

[4] This evidence included Plaintiff Kenroy Richmond's 2005 and 2006 tax returns and income documentation (which largely predated Richmond's December 2006 termination), as well as his 2006 W-2 for GNC and a side business, "Cream Malibu Inc." The documentation also included limited 2006 and 2007 tax and income documentation for Plaintiff Marlon Hattimore, along with a security guard training certificate and Bally's Total Fitness job application.

4

16. On July 8, 2009, Plaintiffs advised that they had served written responses to Defendants' requests on June 27, 2009, and that they were surprised Defendants had not received them. *Id*. Notably, this was the same excuse Plaintiffs used on May 29, 2009 to explain why Defendants had not received Plaintiffs' responses. *Id*. Plaintiffs said they would serve an additional copy of their written responses to Defendants. *Id*.

17. On July 9, 2009, counsel for the parties again discussed Plaintiffs' failure to serve responses to Defendants' discovery requests, and Plaintiffs' counsel once again said that responses would be forthcoming.

18. Finally, on July 14, 2009, five months after Plaintiffs' responses were due, Plaintiffs served Defendants with their written responses to Defendants' discovery requests. *See*, Goldstein Aff., Ex. 1. These responses were grossly deficient. *Id*. Among other things, Defendants had submitted multiple requests to each Plaintiff seeking documents relating to multiple categories of damages, including:

> (i) all documents concerning efforts to secure post-GNC work, including documents related to any claim of unemployment;
>
> (ii) all documents concerning income earned by each Plaintiff in the three year period preceding their separation from GNC to the present, including W-2s and other income statements;
>
> (iii) all documents related to emotional distress, mental anguish and other intangible injuries;
>
> (iv) all documents related to Plaintiffs' allegations of disparate pay;
>
> (v) records of income from Plaintiff-owned businesses;
>
> (vi) all documents related to Plaintiffs' efforts to undergo educational, vocal or professional training;
>
> (vii) Plaintiffs' federal, state and local income tax returns for years 2005 to the present; and

>(viii) all documents concerning Plaintiffs' appointments with doctors or health care and mental health care services from 2005 to the present, including records of prescription medication.

*Id*. at Req. Nos 22, 66, 73, 79, 81, 97-99, 104-123.  Plaintiffs objected to each one of these document requests as being overbroad under Local Rule 33.3(a) (which does not apply to document requests), and advised that Plaintiffs either had no responsive documents, or would produce responsive documents upon receipt.  *Id*.

      19.     Additionally, Defendants' Interrogatory No. 21 requested that each Plaintiff:

>"[s]tate the exact amount of damages or other monetary relief claimed by or on behalf of Plaintiff in this lawsuit against Defendants, separately, and describe how the amount claimed and each component part thereof was calculated, including but not limited to, each figure used in making each calculation and the identity of the source of each such figure."

Plaintiffs uniformly responded as follows:

>*Plaintiff objects to this interrogatory on the grounds that it seeks information beyond what is authorized by Local Civil Rule 33.3 and is overbroad and unduly burdensome. Without waiving and subject to these objections and General Objections, plaintiff provides the following response:*

>*Plaintiff cannot provide an exact amount of the damages or other monetary amounts claimed at this time.  Plaintiff reserves the right to supplement and add to this answer once plaintiff and his experts have had opportunity to review the discovery from defendants.*

*Id*. (emphasis added).

      20.     On July 16, 2009, Defendants wrote Magistrate Judge Pitman, requesting a discovery and status conference concerning the issues surrounding Plaintiffs' failure to meaningfully respond to Defendants' discovery requests, despite prior representations to the Court that Plaintiffs would do so.[5]

---

[5]    A copy of this letter is attached as Goldstein Aff., Ex. 4.

21.     On August 5, 2009, United States Magistrate Judge Pitman held a status conference to discuss Defendants' concerns and various other discovery and scheduling matters. *See*, Dkt. No. 41.

22.     On August 6, 2009, Magistrate Judge Pitman entered an Order instructing each of "the plaintiffs who [had] not produced tax returns for the years after they left defendant's employment to request copies of their income tax returns from the Internal Revenue Service for all years after they left defendant's employment ***no later than August 6, 2009***." *Id*. at ¶1 (emphasis added).

23.     Magistrate Judge Pitman's Order also directed Plaintiffs' counsel "to send or fax a copy of registered or certified mail receipt [for the IRS tax return requests] to my chambers no later than August 7, 2009." *Id*.  The Order then explicitly stated:

> In light of the fact that these tax returns were requested in January 2009 and plaintiffs have done nothing for approximately seven months to obtain copies, an unjustified failure to comply with this Order ***will result in the imposition of sanctions which may include the dismissal of the claims of any defaulting plaintiff***.

*Id*. (emphasis added).

24.     Magistrate Judge Pitman's Order further instructed Plaintiffs to produce "all documents in plaintiffs' possession, custody or control concerning plaintiffs' actual employment (or efforts to obtain employment) after their employment with General Nutrition Center ended" to Defendants' counsel no later than August 10, 2009." *Id*. at ¶2.

25.     Finally, Magistrate Judge Pitman's Order denied a request that Plaintiffs made for an extension of time to make expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2), which had since lapsed. *Id*. at ¶6.  Plaintiffs asserted that they could not identify an expert because Defendants were allegedly withholding damages evidence that would be necessary for drafting their report – essentially the same argument Plaintiffs asserted for failing to provide a damages

7

calculation on their initial disclosures. *Id*. Magistrate Judge Pitman dismissed this argument, noting that "the plaintiffs' claimed lack of the documents necessary for the experts' reports is the product of plaintiffs' own lack of diligence in pursuing this litigation." *Id*.[6]

26. Plaintiffs never served Defendants with another discovery document, never provided a damages calculation, and if Plaintiffs ever requested their tax returns and submitted proof of those requests to the Court, as required by Magistrate Judge Pitman, Defendants were not copied on the correspondence.

27. On September 30, 2009, Defendants filed their Motion for Summary Judgment.

28. Between December 14, 2009 through December 24, 2009, Plaintiffs filed a multitude of documents in opposition to Defendants' Motion for Summary Judgment, including a significant number of documents that were not produced nor identified in discovery, most notably several non-party declarations. *See* Dkt. Nos. 67-79.

29. On December 29, 2009, Defendants filed a Motion to Strike the evidence that Plaintiffs filed in opposition to Defendants' Motion for Summary Judgment which was not produced during discovery. *See* Dkt. No. 80. Defendants also noted Plaintiffs' failure to comply with Magistrate Judge Pitman's August 6, 2009 Order. *See* Dkt. No. 81, p. 4. However, even this Motion did not spur Plaintiffs to secure copies of their damages and other documentary evidence and provide it to Defendants.

30. Now, discovery is long closed, trial is impending, and Plaintiffs have still not offered any calculation of their damages, nor have they produced the other damages evidence that Magistrate Judge Pitman Ordered them to produce under a guarantee of sanctions, including

---

[6] Plaintiffs subsequently sought reconsideration of the Order denying their request for an extension of time to disclose a damages expert, again largely blaming Defendants for their failure to designate an expert. *See* Dkt. Nos. 43-44. This Motion was denied. *See* Dkt. No. 89.

8

possible dismissal of this action. *See*, Dkt. No. 41, ¶¶1-2. As outlined above, Plaintiffs' disregard of their discovery obligations has been extremely time consuming for Defendants, has made settlement valuation of this case unfeasible and has prejudiced Defendants who have been denied the opportunity to prepare a rebuttal to any damages evidence Plaintiffs may have.

### III.   ARGUMENT

Permitting Plaintiffs to now introduce evidence of damages would severely prejudice Defendants and reward Plaintiffs for repeatedly flouting the Federal Rules of Civil Procedure and a prior Order of this Court. Simply put, Plaintiffs have had nearly ***three (3) years*** to complete their discovery obligations, including the requirement to provide a calculation of damages and provide information and documents responsive to Defendants requests for damages evidence. Plaintiffs have not done so, and now should be precluded from introducing any evidence of damages at trial.

#### A.   Legal Framework

Fed. R. Civ. P. 37 is designed to ensure that a party does not benefit from its failure to comply with its discovery obligations. Fed. R. Civ. P. 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), ***the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial***, unless the failure was substantially justified or is harmless.

(emphasis added).

Accordingly, Fed. R. Civ. P. 37 makes preclusion of material withheld during discovery the default sanction for a violation of Fed. R. Civ. P. 26's discovery requirements. The Advisory Committee Notes to Rule 37 explain that it "provides a self-executing sanction for the failure to make a disclosure required by Rule 26(a), without the need for a motion under subdivision (a)(2)(A)," and "prevents a party from using as evidence any witnesses or information that,

without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1)." Fed. R. Civ. P. 37(c)(1) Advisory Committee Notes (1993 Amendments). Simply put, a party may not withhold documents it agreed to produce during discovery and then use the information contained therein at trial.

This rule is designed to prevent "sandbagging" opposing parties with new evidence. *Fleming v. Verizon N.Y.*, 2006 U.S. Dist. LEXIS 68632, at *7 (S.D.N.Y. 2006); *Ventra v. United States*, 121 F. Supp.2d 326, 332 (S.D.N.Y. 2000); *see also Nosal v. Granite Park LLC*, 269 F.R.D. 284, 289 (S.D.N.Y. 2010). Moreover, testimony which would relate to documents that were improperly withheld under Fed. R. Civ. P. 26 should also be precluded. *See Rojo v. Deutsche Bank*, 2009 U.S. Dist. LEXIS 110848, at *5 (S.D.N.Y. 2009); *see also Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 204 (E.D.N.Y. 2010) (precluding party from offering evidence or argument on any matter in which documents were withheld during discovery).

To allow Plaintiffs to make arguments based on information and documents that Plaintiffs refused to produce in discovery would not only be contrary to the basic principles of discovery but, as set forth below, would result in severe prejudice to Defendants.

**B.** **The Court Should Preclude Plaintiffs From Introducing Evidence of Damages at Trial**

Plaintiffs should be precluded from introducing any trial evidence related to damages that was not properly disclosed to Defendants during discovery. This evidence includes: (1) any calculation of damages; (2) any evidence of Plaintiffs' post-GNC job search or earnings; (3) any evidence of financial loss suffered as a result of Defendants' alleged unlawful conduct; and (4) any evidence of mental or physical pain claimed as a result of Defendants' alleged unlawful conduct.

All of this evidence was required to be disclosed in Plaintiffs' Initial Disclosures, and all was requested by Defendants in discovery.  Most importantly, Defendants repeatedly raised Plaintiffs' failure to comply with discovery to the Court, and Magistrate Judge Pitman Ordered Plaintiff to produce much of this evidence well over two (2) years ago.  *See* Dkt. No. 41, ¶¶1-2.

Plaintiffs did not provide this damages evidence, nor did Plaintiffs ever provide a damages calculation as required by Fed. R. Civ. P. 26.  Accordingly, Plaintiffs should be barred from introducing damages evidence pursuant to Fed. R. Civ. P. 37(c)(1), even though Plaintiffs will argue that such evidence is essential to their case.  *See Underpinning & Foundation Skanska, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 726 F. Supp.2d 339, 348-49 (S.D.N.Y. 2010 (a party is not permitted to rely on damages calculation documents that were not produced in discovery); *Roberts v. Ground Handling, Inc.*, 2007 U.S. Dist. LEXIS 69992, at *11-13 (S.D.N.Y. 2007) (failure to disclose measure of damages in Fed. R. Civ. P. 26(a)(1)(C) initial disclosures, standing alone, is grounds to preclude such evidence at trial); *see also Design Strategy, Inc., v. Davis*, 469 F.3d 284 (2d Cir. 2006) (among other things, ***the failure to provide a computation of damages as required by Fed. R. Civ. P. 26(a) is "especially troubling" when the defendant specifically requests such a calculation***) (emphasis added).

Based on Plaintiffs' undeniable failure to produce a damages calculation or any meaningful documents related to any financial, physical or psychological damages at any point during the multiyear pendency of this action, and the obvious resulting prejudice to Defendants, the Court should invoke the automatic sanction provided in Fed. R. Civ. P. 37(c) and preclude Plaintiff from introducing such damages evidence at trial.

## IV.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its Motion and enter an Order precluding Plaintiffs from making reference to, introducing evidence of, or making argument related to any damages allegedly caused as a result of the allegations in the Amended Complaint, including: (a) any damages calculation; (b) any evidence of post-GNC earnings that were not produced in discovery; (c) any evidence of emotional, psychological or physical harm allegedly suffered as a result of Defendants' conduct; (d) any evidence of Plaintiffs' efforts to seek employment after working at GNC that was not properly disclosed in discovery.   Defendants further respectfully request that the Court grant Defendants their attorneys' fees and costs incurred in preparing this Motion pursuant to Fed. R. Civ. P. 37(b)(2)(C), (c)(1) and (d)(3), and grant such further relief as the Court deems just and proper

Dated: New York, New York
December 23, 2011

**McGUIREWOODS LLP**

By:  s/Philip A. Goldstein
Kimberly Q. Cacheris (KQC 7179)
*kcacheris@mcguirewoods.com*
Philip A. Goldstein (PAG 0908)
*pagoldstein@mcguirewoods.com*
Benjamin R. Holland (BRH 4426)
*bholland@mcguirewoods.com*
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10156-0106
Tele: (212) 548-2100
Fax: (212) 548-2150

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via the CM/ECF system and by depositing same via United States Postal Service, first class mail, postage prepaid, to counsel for Plaintiffs:

>Daryl Davis, Esq.
>Doman Davis LLP
>66 Main Street, Suite 511
>Yonkers, NY 10701

Dated:  December 23, 2011
        New York, New York

>/s/ Philip A. Goldstein
>Philip A. Goldstein (PAG-0908)
>McGUIREWOODS LLP
>1345 Avenue of the Americas, 7th Floor
>New York, New York 10105-0106
>Tele:  (212) 548-2100
>Fax: (212) 548-2150
>pagoldstein@mcguirewoods.com

\35866669.3