```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
KENROY RICHMOND et al.,                             :
                                                    :
                            Plaintiffs,             :       08 Civ. 3577 (PAE) (HBP)
                                                    :
            -v-                                     :       OPINION & ORDER
                                                    :
GENERAL NUTRITION CENTERS INC. et al.,              :
                                                    :
                            Defendants.             :
                                                    :
------------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

This case is set to be trial-ready on Monday, April 9, 2012. This opinion addresses the three motions *in limine* filed by the defendants. Those motions seek to preclude the plaintiffs from introducing at trial (1) testimony from non-party witnesses whom defendants claim were not sufficiently identified by plaintiffs during discovery; (2) evidence of plaintiffs' damages and computations of damages, to the extent that such evidence was not produced during discovery; and (3) evidence of other discrimination lawsuits filed against the defendants in this case. For the following reasons, the motion to exclude categorically the testimony of non-party witnesses is denied; the motion to exclude non-produced evidence and computations of damages is granted, subject to an opportunity the Court will afford plaintiffs to demonstrate, on an item-by-item basis, that their failure to produce such evidence and computations was substantially justified and that the identification of such evidence shortly before trial is harmless, *see* Fed. R. Civ. P. 37(c)(1); and the motion to preclude mention of other lawsuits is granted in part and reserved in part.

I.   **Background**

The four plaintiffs in this case allege that their former employer, General Nutrition Centers ("GNC"), and a former supervisor, Neal Blitzer, subjected them to a hostile work environment and disparate treatment on the basis of race and/or national origin, and retaliated against them for complaining of such treatment.  The allegations in plaintiffs' complaint and the procedural history of this case are set forth at length in the opinion of the Honorable Laura Taylor Swain, United States District Judge, to whom this case was previously assigned, granting in part and denying in part the defendants' motion for summary judgment.  *See Richmond et al. v. GNC et al.*, No. 08-cv-3577, 2011 U.S. Dist. LEXIS 67797, at *1–19 (S.D.N.Y. June 22, 2011).

II.   **Discussion**

On December 23, 2011, defendants filed the instant three motions *in limine*.  On January 17, 2012, plaintiffs filed their opposition.  On January 25, 2012, defendants submitted a reply.  The Court addresses defendants' three motions in turn.

    A.   **The defendants' motion to exclude evidence and testimony of non-party witnesses**

The defendants seek, first, to exclude the testimony of non-party witnesses whom, they argue, plaintiffs did not identify, or did not identify with sufficient clarity, during the discovery period.  Plaintiffs assert that this discovery dispute has already been resolved by Judge Swain's opinion granting in part and denying in part defendants' prior motions for summary judgment and to strike certain of plaintiffs' submissions in opposition to the motions for summary judgment.

Plaintiffs are correct.  In the summary judgment opinion, Judge Swain made the following ruling:

> Defendants also move to strike the declarations of non-parties Gladys Kumi, Kissi Peprah, and Pete Ortiz. Defendants base their argument on a discovery dispute between Plaintiffs and Defendants. In interrogatories, Defendants asked Plaintiffs to identify anyone they complained to of discrimination, harassment, or retaliation. (Defs.' Br. at 5.) Plaintiffs identified 46 individuals, including the declarants. (Id.) According to Defendants, Plaintiffs' interrogatory answers were insufficient in that they did not provide enough information about these individuals. Plaintiffs identified the declarants by name and stated that they "have made statements at various times before and/or after this action commenced about the discriminatory practices of GNC and/or its failure to implement and enforce anti-discrimination policies and practices." (Pls.' Br. at 5.) Defendants complain that Plaintiffs did not give a detailed description of the extent of each declarant's knowledge and the circumstances of that knowledge, and thus they are prejudiced by the submission of these declarations. However, Plaintiffs' responses to Defendants' interrogatories provided Defendants a sufficient basis to seek to depose the non-party declarants as to any complaints of discrimination, harassment or retaliation. Defendants' choice not to do so does not entitle them to insulation from the testimony of these witnesses. Accordingly, Defendants have not shown that they have been prejudiced by Plaintiffs' submission of these three non-party declarations and the Court denies the motion to strike them.

*Richmond*, 2011 U.S. Dist. LEXIS 67797, at *16–17. This same logic applies equally to the other individuals—besides Kumi, Peprah, and Ortiz—identified in plaintiffs' initial disclosures and responses to defendants' interrogatories.

In reply, defendants contend that trial is different from summary judgment, and that wholesale exclusion of these non-party witnesses is necessary to prevent the jury from hearing their potentially-inflammatory testimony. The Court disagrees. Judge Swain has already held that defendants were given sufficient notice of the possibility that persons on the plaintiffs' list of 46 individuals with potentially relevant evidence would testify. There is no reason to exclude the testimony of these persons in its entirety. That defendants do not, today, have a complete preview of such testimony, and are not in possession of deposition testimony with which to

cross-examine these witnesses at trial, is the result of *defendants'* choice not to depose these persons.[1]

That said, the Court intends to closely scrutinize, prior to trial, the proposed testimony of all witnesses, to ensure that their testimony is admissible. To this end, the Court directs all parties to provide detailed summaries of each witness's anticipated trial testimony in the Joint Pretrial Order, due Friday, March 23, 2012. As set forth in the conclusion to this opinion and order, the Court further directs the parties to exchange such detailed summaries with each other a week before the Joint Pretrial Order is due, *i.e.*, Friday, March 16, 2012. On Friday, March 23, 2012, the parties may submit motions *in limine* along with the Joint Pretrial Order, including to exclude portions of the anticipated testimony of an adverse witness on the grounds that it is inadmissible (including because, as defendants appear to anticipate with respect to the non-party witnesses, the probative value of particular testimony is substantially outweighed by the risk of unfair prejudice, confusion, or delay, pursuant to Fed. R. Evid. 403). Any response to such a motion is due three business days after the filing of the motion *in limine* (*i.e.*, Wednesday, March 28), and the Court will resolve any such motion promptly. At trial, the Court will exclude any testimony (1) not sufficiently identified by the witness's proponent in the Joint Pretrial Order, or (2) that has been excluded pursuant to a ruling on a motion *in limine*. This procedure should suffice to ensure that inadmissible or unfairly prejudicial evidence is excluded, and not referenced, at trial.

      **B.**      **Defendants' motion to exclude certain evidence of plaintiffs' damages**

---

[1] For this reason, the Court declines defendants' request to reopen discovery to permit depositions of such witnesses to be taken. The deadline for discovery expired long ago, and a party's failure to exercise its right to notice depositions of witnesses identified by its adversary does not supply a basis for reopening discovery.

Defendants' second motion seeks to exclude evidence of plaintiffs' damages pursuant to Fed. R. Civ. P. 37, on the ground that the plaintiffs did not respond, or barely responded, to repeated discovery requests seeking both a computation of plaintiffs' damages and documents supporting their claimed damages. As defendants chronicle in their memorandum of law, plaintiffs have egregiously disregarded their discovery obligations with respect to damages—and plaintiffs, revealingly, in opposing this motion, do not attempt to explain or justify their repeated lapses as to this subject.

Plaintiffs' initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), were due on November 14, 2008. On January 21, 2009, the defendants, having not received plaintiffs' initial disclosures, served plaintiffs with discovery requests, seeking, in large part, information that should have been automatically produced pursuant to Fed. R. Civ. P. 26(a)(1). *See* Aff. of Philip A. Goldstein ("Goldstein Aff.") Ex. 1 (Dkt. 104). A part of that request, interrogatory 21, asked the plaintiffs for a computation of each category of claimed damages—information which had been a required part of plaintiffs' initial disclosures. *See id.*; Fed. R. Civ. P. 26(a)(1)(A)(iii). On February 25, 2009, with no response having been received, defendants' counsel contacted plaintiffs' counsel seeking an update on plaintiffs' discovery responses. Goldstein Aff. Ex. 2. On February 26, 2009, Plaintiffs' counsel notified defendants' counsel that discovery responses would be served on or before March 2, 2009. *Id.* No such response, however was served. On March 30, 2009, defendants yet again contacted plaintiffs' counsel to seek a response to their discovery request. *Id.*

On May 14, 2009, plaintiffs served, nearly six months late, their initial disclosures (although no response was made to defendants' other, long-pending discovery requests). Goldstein Aff. Ex. 3. Plaintiffs' initial disclosures, though half a year overdue, provided no

information or computation as to plaintiffs' damages, despite the requirement of Rule

26(a)(1)(A)(iii). Instead, plaintiffs stated the following:

> Plaintiffs will be seeking money damages, interests, and punitive damages in an amount to be determined at trial as Plaintiffs have not yet completed discovery and need discovery from Defendants for their calculations. Plaintiffs reserve the right as discovery continues, to supplement this disclosure.

*Id.* On May 28, 2009, after defendants had written to the plaintiffs yet again seeking a response to their discovery requests, Magistrate Judge Pitman held a telephone conference with the parties. During this conference, plaintiffs' counsel assured Judge Pitman that plaintiffs would serve their responses to defendants' interrogatories that same day, and that plaintiffs' responses to the document requests would be served the following day, May 29, 2009. However, on May 29, 2009, plaintiffs' counsel arrived at defense counsel's office and served *defendants* with two sets of written discovery requests from *plaintiffs*, but did not furnish the discovery responses that plaintiffs had pledged to provide. *Id.*

On June 23, 2009, more than four months after plaintiffs' responses were due, plaintiffs' counsel delivered plaintiffs' document production to defense counsel. Goldstein Aff. ¶ 6. That production consisted of 165 documents; approximately 140 of these documents were items that defendants had previously produced to plaintiffs. *Id.* The other 25 consisted of limited damages evidence from plaintiffs Richmond and Hattimore. *Id.*

On June 30, 2009, defendants' counsel contacted plaintiffs' counsel regarding the lack of written responses to defendants' discovery requests. Goldstein Aff. Ex. 2. On July 8, 2009, plaintiffs replied that they had served the written responses to defendants' requests on June 27, 2009, and that they were surprised defense counsel had not received them. *Id.* Finally, on July 14, 2009, five months after they were due, plaintiffs served defendants their written responses to

defendants' discovery requests. Goldstein Aff. Ex. 1. Defendants' request had sought, *inter alia*, documents pertinent to plaintiffs' damages, including:

> (i) all documents concerning efforts to secure post-GNC work, including documents related to any claim of unemployment;
> (ii) all documents concerning income earned by each Plaintiff in the three year period preceding their separation from GNC to the present, including W-2s and other income statements;
> (iii) all documents related to emotional distress, mental anguish and other intangible injuries;
> (iv) all documents related to Plaintiffs' allegations of disparate pay;
> (v) records of income from Plaintiff-owned businesses;
> (vi) all documents related to Plaintiffs' efforts to undergo educational, vocational or professional training;
> (vii) Plaintiffs' federal, state and local income tax returns for years 2005 to the present; and
> (viii) all documents concerning Plaintiffs' appointments with doctors or health care and mental health care services from 2005 to the present, including records of prescription medication.

*Id.* at Req. Nos. 22, 66, 73, 79, 81, 97–99, 104–123. In their response, plaintiffs claimed that they either did not possess documents responsive to this request, or would provide such documents upon their receipt. *Id.* Plaintiffs' response to interrogatory 21, which requested damages calculations from each plaintiff, was no more useful. *Id.* While objecting to the defendants' request, the four plaintiffs uniformly replied that

> Plaintiff cannot provide an exact amount of the damages or other monetary amounts claimed at this time. Plaintiff reserves the right to supplement and add to this answer once plaintiff and his experts have had opportunity to review the discovery from defendants.

*Id.*

On July 16, 2009, defendants contacted Judge Pitman to request a conference discussing plaintiffs' failure to meaningfully respond to defendants' discovery requests. Goldstein Aff. Ex. 4. On August 5, 2009, Judge Pitman held a conference to address defendants' concerns and other matters. *See* Dkt. 41. On August 6, 2009, Judge Pitman entered an order instructing each

of "the plaintiffs who have not produced tax returns for the years after they left defendant's employment to request copies of their income tax returns from the Internal Revenue Service for all years after they left defendant's employment no later than August 6, 2009." Dkt. 41 ¶ 1. The order also instructed plaintiffs' counsel "to send or fax a copy of registered or certified mail receipt [for the tax return requests] to my chambers no later than August 7, 2009." *Id.* The order then stated:

> In light of the fact that these tax returns were requested in January 2009 and plaintiffs have done nothing for approximately seven months to obtain copies, an unjustified failure to comply with this Order will result in the imposition of sanctions which may include the dismissal of the claims of any defaulting plaintiff.

*Id.* Judge Pitman's order also instructed plaintiffs to produce "all documents in plaintiffs' possession, custody or control concerning plaintiffs' actual employment (or efforts to obtain employment) after their employment with General Nutrition Center ended" to defendants' counsel no later than August 10, 2009. *Id.* ¶ 2. However, plaintiffs never turned over the tax returns Judge Pitman had ordered them to request and produce. Nor did plaintiffs ever produce a damages calculation. Indeed, after August 10, 2009, the plaintiffs never provided another document in discovery.

In light of this history, defendants now move *in limine* to preclude the introduction of evidence relating to damages that defendants clearly requested, to the extent it was not produced in discovery, including that relating to (1) plaintiffs' post-GNC job searches or earnings, (2) plaintiffs' financial loss due to defendants' allegedly-unlawful conduct, and (3) plaintiffs' mental or physical pain due to defendants' allegedly-unlawful conduct.

In opposition, plaintiffs argue, first, that although their production as to damages was sparse, the few documents they produced (tax returns and limited evidence of post-GNC job

[8]

searches for only two of the four plaintiffs) were all they possessed. Hence, they contend, their production was adequate. Second, plaintiffs argue that, although they never provided a damages calculation in discovery, their damages analysis was fairly conveyed during settlement discussions with GNC's general counsel in August 2008 and during settlement conferences in October 2009 and fall 2011.[2]

### 1. Plaintiffs' argument that their production was sufficient

Plaintiffs argue that they produced all responsive documents relating to damages. But that is beside the point. The Court will not exclude at trial documents actually produced in discovery by plaintiffs, providing that such documents satisfy the Federal Rules of Evidence, and the Court does not understand the defendants to be seeking exclusion of these limited materials as a sanction for plaintiffs' discovery abuse.[3]

However, as defendants have chronicled in dismaying detail in their motion papers, plaintiffs were asked repeatedly to produce damage computations, and "the documents or other evidentiary material on which each computation is based," as required by Fed. R. Civ. P. 26(a)(1), but inexplicably failed to do so even when directed to do so by the Magistrate Judge. It is those computations, and any supportive documents or materials not produced in discovery, which the defendants seek to preclude. The Court, accordingly, expects to preclude any

---

[2] It is axiomatic that a party cannot meet its discovery obligation by providing information requested during discovery well *after* discovery has closed, and *after* a much-delayed summary judgment motion has been resolved. The Court therefore will not discuss further any information provided in the fall 2011 settlement conference.

[3] The defendants' motion suggests that the documents the plaintiffs produced are not probative—for example, that tax records from years the plaintiffs worked at GNC would not be relevant to demonstrate any drop in income suffered as a result of their termination. At this point, the Court offers no opinion on the admissibility of the damages evidence which *was* produced. Defendants are free to move *in limine*, on the schedule set forth at the conclusion of this opinion, to preclude specific documents at trial.

evidence bearing on damages which plaintiffs cannot demonstrate was produced during discovery, except insofar as plaintiffs can demonstrate (on the schedule the Court is setting in this order) that non-production of such evidence was "substantially justified" or that the production of such evidence on the brink of trial will be harmless.  *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); Fed. R. Civ. P. 37(b)(2)(A)(ii) ("If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders.  They may include . . . prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."); *Adrian Shipholding, Inc. v. Lawndale Group S.A.*, No. 08-cv-11124, 2012 U.S. Dist. LEXIS 4234, at *15–23 (S.D.N.Y. Jan. 13, 2012) (precluding, under Fed. R. Civ. P. 37(b)(2)(A)(ii), a defendant from contesting personal jurisdiction where it failed to comply with order to adequately prepare Rule 30(b)(6) corporate designee for deposition noticed to explore whether personal jurisdiction was proper); *Vaccaro v. Waterfront Homes Marina*, No. 10-cv-4288, 2011 U.S. Dist. LEXIS 137036, at *10–12 (S.D.N.Y. Nov. 30, 2011) (precluding plaintiff from relying on documents plaintiff failed to produce in violation of Magistrate Judge's order to do so); *Trilegiant Corp. v. Sitel Corp.*, 275 F.R.D. 428 (S.D.N.Y. 2011) (granting defendant's motion to compel and ordering that plaintiff produce documents or be precluded from relying upon them at trial pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii)); *Chanel, Inc. v. Veronique Idea Corp.*, 795 F. Supp. 2d 262, 270–71 (S.D.N.Y. 2011) (precluding defendant, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii), from deducting sum from damage award because of failure to comply with order directing defendant to produce

[10]

documents supporting deduction); *Rojo v. Deutsche Bank*, No. 06-cv-13574, 2009 U.S. Dist. LEXIS 110848, at *13–16 (S.D.N.Y. Oct. 30, 2009) (precluding witness from testifying on points supported by unproduced documents, where testimony would prejudice opposing party because the documents showed a witness's knowledge on points not covered in witness's deposition, and which adversary could not have known about absent full document production).[4]

The Court will, further, scrutinize any damages award in this case to ensure that it has a sufficient foundation in the evidence admitted at trial. To the extent that these rulings with regard to damages result in a damages award that is disappointing to the four plaintiffs, it is their counsel's inattention to basic discovery obligations that is responsible.[5]

---

[4] Plaintiffs, notably, have not argued that their counsel's inattention to their discovery obligations as to damages was harmless. However, the Court, out of solicitude for the four plaintiffs, will afford plaintiffs the opportunity to identify, with specificity, in their Joint Pretrial Order due March 23, 2012, the damages evidence they propose to offer at trial. Such an identification, like the witness statements described earlier, must be furnished to defense counsel in identical form by Friday, March 16, 2012. Plaintiffs are directed, with regard to each specific item of damages evidence identified, to (1) state whether this evidence was produced in discovery, and (2) if not, to explain why non-production of this specific evidence was "substantially justified" and why the late identification of this evidence is "harmless." *See* Fed. R. Civ. P. 37(c)(1). Defendants, in turn will be given the opportunity to submit, along with the Joint Pretrial Order, due March 23, 2012, a brief to the Court explaining, with respect to each specific item of damages evidence that they seek to preclude, why admission of such evidence is not "harmless." *See id.* Plaintiffs may respond to such an application, by no later than Wednesday, March 28, 2012. To the extent the Court finds the failure to produce in discovery an item of damages evidence not to have been substantially justified and its admission not to be harmless, the Court will exclude such evidence pursuant to Rule 37(c)(1), and will preclude the plaintiffs from offering any damages calculation or making arguments to the jury relating to damages based on such evidence.

[5] This is not the first time in this case that plaintiffs' counsel have merited criticism for their inattention to their basic obligations. In ruling on defendants' motions for summary judgment, Judge Swain admonished plaintiffs' counsel for having "completely disregard[ed] their responsibility to address the legal standards for their claims," and for "not sufficiently respond[ing] to defendants' arguments or cit[ing] to the record with any specificity," and stated that plaintiffs' "submission has been an unwarranted burden on the Court that will not be tolerated going forward." *Richmond*, 2011 U.S. Dist. LEXIS 67797, at *13–14. The Court further admonished plaintiffs for "egregious tardiness." *Id.* at *15. The Court concluded: "Non-

2.   **Plaintiffs' argument that the provision of damages calculations in settlement discussions satisfies their discovery obligations**

Plaintiffs, alternatively, argue that their statements with regard to damages during settlement discussions satisfied their discovery duties under Fed. R. Civ. P. 26, such that they should not be precluded from offering a damage calculation at trial—the default remedy provided by Fed. R. Civ. P. 37(c)(1), and an available remedy under Fed R. Civ. P. 37(b)(2)(A)(ii). When considering whether to exclude evidence pursuant to Rule 37, courts in this circuit must consider "(1) a party's explanation for the failure to comply with the Federal Rules, (2) the importance of the evidence, (3) the prejudice suffered by the opposing party of having to prepare to meet the new evidence, and (4) the possibility of a continuance." *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006); *Underpinning & Found. Skanska, Inc. v. Travelers*, 726 F. Supp. 2d 339, 348 (S.D.N.Y. 2010). Here, those factors support exclusion of any damages calculation at trial except to the extent based on (1) the limited evidence produced in discovery, or (2) evidence whose non-production was substantially justified or whose late production, on the virtual eve of trial, is shown to be harmless.

Plaintiffs were, clearly, required to provide the defendants with a damages calculation. Fed. R. Civ. P. 26(a)(1)(A)(iii) requires a party, as part of its initial disclosures, to provide its adversary with the following information:

> [A] computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered

---

compliance with applicable rules and procedural safeguards will not be indulged going forward." *Id.* at *47.

The plaintiffs served initial disclosures on the defendants on or about May 14, 2009. *See* Decl. of Daryl Davis ("Davis Decl.") Ex. 1 (Dkt. 111). Those disclosures did not provide any computation of damages but instead sought to defer a substantive response:

> Plaintiffs will be seeking money damages, interests, and punitive damages in an amount to be determined at trial as Plaintiffs have not yet completed discovery and need discovery from Defendants for their calculations. Plaintiffs reserve the right, as discovery continues, to supplement this disclosure.

*Id.* at 4. Thereafter, the defendants requested a damages calculation from the plaintiffs via interrogatory.[6] Interrogatory number 21 requested that each plaintiff:

> State the exact amount of damages or other monetary relief claimed by or on behalf of Plaintiff in this lawsuit against Defendants, separately, and describe how the amount claimed and each component part thereof was calculated, including but not limited to, each figure used in making each calculation and the identity of the source of each figure.

ECF Dkt. 104-2 at 35.[7] Plaintiffs objected on the ground that the request was overbroad,[8] but, reserving that objection, replied on May 29, 2009 that they:

---

[6] The Court cannot sanction a party for deficient interrogatory responses pursuant to Rule 37 unless either its adversary sought and was granted an order compelling a more complete answer, or the party came into possession of responsive information but failed to supplement its interrogatory response pursuant to Rule 26(e). *See* Fed. R. Civ. P. 37(b)(2) and (c) (providing automatic exclusion only for failure to make initial disclosures pursuant to Rule 26(a) or update disclosures or interrogatory responses pursuant to Rule 26(e), and allowing other sanctions only for disobeying a discovery order). No order regarding plaintiffs' interrogatories has issued here. *See* Dkt. 41 at 4 (denying without prejudice defendants' motion to compel fuller response to interrogatories). However, the plaintiffs' interrogatory responses are relevant to whether they complied with their continuing duty to supplement the required initial disclosures—including by providing a damages calculation—pursuant to Rule 26. Despite defendants' repeated requests for such a damages calculation, plaintiffs failed to provide one.

[7] Defendants attached plaintiffs' interrogatory responses to their motions *in limine*. Because, however, the Exhibit containing those responses is not consecutively paginated, the Court refers to that document by its ECF docket number and the page number assigned by the ECF system.

[8] Interrogatory number 21 requests information which, in substance, tracks the information plaintiffs were required to produce in initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii). This interrogatory was, therefore, appropriate, and not impermissibly overbroad. *See Design Strategy, Inc.*, 469 F.3d at 295 ("Rule 26(a) requires a party—in addition

> [C]annot provide an exact amount of the damages or other monetary amounts claimed at this time. Plaintiff reserves the right to supplement and add to this answer once plaintiff and his experts have had opportunity to review the discovery from defendants.

*Id.* at 36. Notwithstanding this statement, plaintiffs never "supplement[ed]" or "add[ed] to" that response. *See* Fed. R. Civ. P. 26(e) (party who has made an initial disclosure, or responded to an interrogatory, must supplement its response "in a timely manner").

As to plaintiffs' present claim that their statements about damages during settlement discussions discharged their duties under the Federal Rules of Civil Procedure, so as to permit them to offer damages evidence and theories at trial that they did not otherwise produce, the Court rejects that claim.

First, under the Federal Rules, a specific discovery request requires a specific response, signed and in writing. *See* Fed. R. Civ. P. 26(a)(4); *Melczer v. Unum Life Ins. Co. of Am.*, 259 F.R.D. 433, 434 (D. Ariz. 2009) (rejecting, under Fed. R. Civ. P. 26(a)(4), party's argument that counsel's oral disclosure of the existence of relevant information constituted compliance with obligation to make initial disclosures under Rule 26(a)). Informal, generalized oral statements in settlement discussions do not satisfy this requirement, and are no substitute for the required disclosures; plaintiffs offer no authority to the contrary. Written specific responses, as contemplated by the Rules, commit a party to a memorialized position, and enable the parties to pursue the litigation accordingly. Generalized statements at an oral settlement proceeding do not do so.

Second, the context of a settlement discussion, by its nature, is not one in which counsel's oral statement or demand may reliably be treated as an accurate factual representation. A

---

to providing a calculation of damages—to make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which such computation is based.").

settlement discussion is a negotiation, and a party's assertion as to injury or damages may, or may not, be anchored in fact.  "Courts should be alert to the fact that settlement offers can often be wildly unrealistic and constitute mere puffery or posturing rather than a fair or realistic appraisal of a party's damages." *Allen v. Ruby Tuesday, Inc.*, No. 06-cv-149, 2006 U.S. Dist. LEXIS 73507, at *9 (D. Conn. Sept. 26, 2006) (quoting *Vermande v. Hyundai Moto Am., Inc.*, 352 F. Supp. 2d 195, 202–03, (D. Conn. 2004)).  That is because, "[i]n trying to settle a claim, counsel naturally will try to inflate its value.  Such 'puffing' cannot be taken as evidence of the amount in controversy." *Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp. 44, 46 (M.D.N.C. 1997).  Thus, figures bandied in a settlement context "cannot be considered a reliable indicator of the damages plaintiff is seeking." *Standridge v. Wal-Mart Stores, Inc.*, 945 F. Supp. 252, 256–57 (N.D. Ga. 1996).

Third, plaintiffs do not suggest that their statements regarding damages during settlement discussions in fact provided responses to each specific inquiry for which a damages computation was called for under the Rules.  As noted, defendants served on plaintiffs a number of formal document demands and a demand for specific damages computations, by category.  Even if statements during an informal settlement discussion could discharge a party's disclosure obligations, there is no basis here to conclude that such statements provided requested information with nearly the required specificity or precision.  Notably, plaintiffs have not supplied the Court with any reproduction or recapitulation of their alleged statements regarding damages during settlement discussions, but merely have relied on their representation that such statements were made.

Fourth and finally, plaintiffs' argument at least as to the August 2008 settlement conference does not logically follow.  As of May 29, 2009, plaintiffs represented that no accurate

calculation of damages was possible at that time. By definition, then, statements at the August 2008 settlement conference could not have supplied the necessary precision.

For these reasons, the Court rejects the claim that plaintiffs' statements regarding damages during settlement negotiations satisfied their discovery obligations. And plaintiffs have offered no explanation or excuse for their failure to produce this information. The Court, accordingly, will preclude plaintiffs at trial from offering any damages evidence not produced in discovery or any damage calculation not based on documents produced in discovery. *See Underpinning & Found. Skanska*, 726 F. Supp. 2d at 348–49 (on summary judgment motion, party not permitted to rely on damages calculation supported by documents not produced in discovery); *Roberts v. Ground Handling, Inc.*, No. 04-cv-4955, 2007 U.S. Dist. LEXIS 69992, at *11–13 (S.D.N.Y. 2007) (failure to disclose measure of damages in Fed. R. Civ. P. 26(a)(1) initial disclosures, standing alone, is sufficient ground to preclude such evidence at trial); *see also Design Strategy, Inc.*, 469 F.3d at 295 (failure to provide a computation of damages as required by Fed. R. Civ. P. 26(a) is "especially troubling" when, as is the case here, the defendant specifically requested such a calculation).

As noted, see note 4, *supra*, out of solicitude for plaintiffs, the Court will permit plaintiffs—on the schedule the Court has set, and no later—to describe with specificity in the Joint Pretrial Order the damages evidence or computations that they intend to offer at trial, and to explain why, if not produced during discovery, such non-production was substantially justified and why its late identification is harmless. However, unless the Court is persuaded that the late revelation of such evidence or computations is substantially justified or harmless, the Court will preclude it at trial.

C. **Defendants' motion to preclude introduction of other lawsuits**

[16]

Defendants have also filed a motion seeking to preclude plaintiffs from mentioning a number of other lawsuits alleging race discrimination against defendant GNC. Defendants claim that such evidence is irrelevant and unduly prejudicial. In opposition, plaintiffs state that such evidence is probative of a hostile work environment at GNC generally, is admissible under Fed. R. Evid. 404(b), and that evidence that GNC ignored other complaints of race discrimination is relevant to rebut some of GNC's affirmative defenses.

It is unclear from the defendants' submission whether they seek to preclude plaintiffs from introducing only the fact of other lawsuits (*e.g.*, copies of complaints), or whether they seek to preclude testimony regarding the alleged race discrimination forming the basis of these lawsuits. Plaintiffs are equally unclear as to what evidence of this nature they seek to admit.

To the extent that defendants seek only to preclude the introduction of pleadings and court filings in other lawsuits, their motion to preclude is granted. If offered to prove the fact of racial discrimination at GNC or by defendant Blitzer, such pleadings are inadmissible hearsay. The cases plaintiff cites are inapposite, as they relate solely to the possibility that *testimony* about the discriminatory treatment of other employees may be admissible. *See, e.g.*, *Zubulake v. UBS Warburg, LLC*, 382 F. Supp. 2d 536 (S.D.N.Y. 2005). These cases do not support the admission of *allegations* of discrimination contained in legal complaints and other documents, which by their nature are not subject to cross-examination. The Court will therefore exclude court filings from other cases, based on Fed. E. Evid. 801 and 802, and also based on Fed. R. Evid. 403, in that the risk of unfair prejudice and confusion from introducing documents reflecting allegations in other cases clearly outweighs the probative value of such claims.

To the extent that plaintiffs may propose to call complainants in other lawsuits to testify about prior acts of racial discrimination, the Court has not been presented with sufficient

information to assess whether such testimony is admissible. The Court notes that plaintiffs in other lawsuits are among the persons listed in plaintiffs' initial disclosures as having potentially relevant information. To the extent an individual has been so listed, plaintiffs have preserved their right to call that individual as a witness at trial. *See* Davis Decl. Ex. 1 at 2–3. In order to enable the Court to determine, prior to trial, whether such a witness's testimony is admissible, the Court directs plaintiffs to include a detailed summary of each proposed witness's trial testimony in the Joint Pretrial Order, due March 23, 2012, and to provide that same detailed summary to defense counsel by March 16, 2012, at the latest. Should defense counsel wish to move to preclude or restrict the testimony of any proposed witness, a motion *in limine* is due March 23, 2012, and any opposition by plaintiff is due March 28, 2012.

## CONCLUSION

For the reasons set forth in the foregoing, the Court: (1) denies defendants' motion to categorically exclude the testimony of all non-party witnesses called by the plaintiff; rather, any of the 46 witnesses listed in plaintiffs' initial disclosures is eligible to testify at trial; and the determination remains to be made on a witness-by-witness basis whether the testimony of any such witness comports with the Federal Rules of Evidence; (2) grants defendants' motion to preclude at trial all evidence as to damages not produced in discovery, and all evidence or arguments as to damage computations that are based in whole or part on evidence not produced in discovery; the Court will, however, permit briefing, on the schedule set forth below, on the issue of whether plaintiffs' failure to produce particular items of evidence as to damages was substantially justified and whether the admission at trial of each particular item of proposed damages evidence that was first disclosed shortly before trial would be harmless; and (3) grants defendants' motion to preclude evidence in the form of complaints or other court filings as to

other claims of discrimination; however, to the extent that plaintiffs propose to call a witness or witnesses with respect to alleged prior incidents of discrimination, the determination remains to be made on a witness-by-witness basis whether the testimony of any such witness comports with the Federal Rules of Evidence.

The Court observes that there are a substantial number of open evidentiary issues in this case, relating, potentially, to all three of the above categories of evidence. To insure that these issues are briefed and resolved amply before the trial-ready date of April 9, 2012, the Court directs the following:

1. By Friday, March 16, 2012, each party is ordered to supply the other with a detailed witness-by-witness summary of the testimony it intends to offer at trial. Each party is also required to specify each item of evidence it intends to offer with regard to damages. These detailed summaries are to be identical to the summaries that will appear in the parties' Joint Pretrial Order, due Friday, March 23, 2012. To the extent the evidence offered at trial, including a witness's testimony on direct examination, is substantively different from or goes beyond that provided in the summary, it will be precluded. Counsel are therefore encouraged to set forth in detail the direct-examination testimony of each witness they plan to call. As follows below, these witness-by-witness summaries, and summaries of damages evidence, are also intended to facilitate the making of motions to preclude particular testimony or evidence, which are due on Friday, March 23, 2012.

2. The parties' Joint Pretrial Order, consistent with the Court's Individual Rules and Practices, and containing the detailed witness-by-witness summaries described above, is due on Friday, March 23, 2012. To the extent that plaintiffs propose to offer evidence of any kind relating to damages or damage calculations, plaintiffs are directed, in the Joint Pretrial Order, to state, with regard to each specific item of damages evidence, (1) whether this evidence was produced in discovery, and (2) if not, to explain why the non-production of this evidence was "substantially justified," and why the late identification of this evidence, just before trial, is "harmless." *See* Fed. R. Civ. P. 37(c)(1). Failure to address these issues, given plaintiffs' prior failure to comply with discovery requests with regard to damages, will result in preclusion of such evidence.

3. To the extent that a party wishes to move *in limine* to strike some or all of the anticipated testimony of a witness called by the other side, or to exclude documentary or physical evidence, such a motion is due on Friday, March 23, 2012. To the extent the defense seeks to rebut any argument by plaintiffs that particular evidence regarding damages is appropriately admitted (*e.g.*, because its non-production is not substantially justified and its late production is not harmless) a motion *in limine* to preclude such evidence is due on this date, March 23, 2012.

4. To the extent that a party wishes to oppose a motion *in limine*, such an opposition is due on Wednesday, March 28, 2012.

There will be no extensions of the deadlines above. The parties are advised that failure to meet a deadline with regard to a motion *in limine*, or a response to such a motion, will be taken to reflect non-opposition to the adversary's position as to the evidence at issue. The Court expects to supply its rulings on any motions *in limine* at the final pretrial conference in this case, scheduled for Monday, April 2, 2012 at 2:30pm.

The Clerk of Court is directed to terminate the motions at docket numbers 102, 105, and 107.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: March 9, 2012
New York, New York