UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KENROY RICHMOND et al.,

                            Plaintiffs,

          -v-

GENERAL NUTRITION CENTERS INC. et al.,

                            Defendants.

------------------------------------------------------------------X

08 Civ. 3577 (PAE) (HBP)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/21/12

**PAUL A. ENGELMAYER, District Judge:**

This case—set for trial on September 24, 2012—is presently brought by four plaintiffs: Kenroy Richmond, Marlon Hattimore, Prince Siaw, and Samuel Warkie. Defendants General Nutrition Center ("GNC") and Neil Blitzer (collectively, "defendants") move to dismiss the claims of plaintiff Warkie pursuant to Fed. R. Civ. P. 41(b), based on Warkie's failure to appear at a July 17, 2012 settlement conference before the Hon. Henry B. Pitman, United States Magistrate Judge, despite this Court's clear order that each plaintiff be present for the settlement conference. For the following reasons, although the conduct of plaintiffs' counsel was egregious and unprofessional, defendants' motion is denied.

**I.    Background and Procedural History**[1]

The allegations in plaintiffs' complaint and the procedural history of this case are set forth at length in the opinion of the Honorable Laura Taylor Swain, United States District Judge,

---

[1] The Court's account of the facts relevant to this motion is drawn from prior Opinions and Orders in this case; the Affidavit of Philip Goldstein in Support of Defendants' Motion to Dismiss the Claims of Samuel Warkie ("Goldstein Aff.") (Dkt. 147) with attached exhibits; the Declaration of Daryl Davis ("Davis Decl.") (Dkt. 151); and the Reply Affirmation of Philip Goldstein (Dkt. 154).

[1]

to whom this case was previously assigned, granting in part and denying in part defendants' motion for summary judgment. *See Richmond v. GNC*, No. 08-cv-3577, 2011 U.S. Dist. LEXIS 67797, at *1–19 (S.D.N.Y. June 22, 2011).

Similarly, the history of plaintiffs' counsel's disappointing inattention to their obligations has also been chronicled in detail in a number of prior decisions of both Judge Swain and this Court. *See Richmond*, 2011 U.S. Dist. LEXIS 67797, at *13–14 (admonishing plaintiffs' counsel for having "completely disregard[ed] their responsibility to address the legal standards for their claims," for "not sufficiently respond[ing] to defendants' arguments or cit[ing] to the record with any specificity," and stating that plaintiffs' "submission has been an unwarranted burden on the Court that will not be tolerated going forward"); *Richmond v. GNC.*, No. 08-cv-3577, 2012 U.S. Dist. LEXIS 32070, at *20 n.5 (S.D.N.Y. Mar. 9, 2012) (describing plaintiffs' counsel's "inattention to their basic obligations"); *Richmond v. GNC*, No. 08-cv-3577, 2012 U.S. Dist. LEXIS 66471, at *3 (S.D.N.Y. May 11, 2012) (noting plaintiffs' counsel's "long-standing and glaring inattentiveness to various scheduling Orders" as well as "plaintiffs' lack of compliance, over several years, with their obligations with respect to discovery").[2]

This case was originally set to go to trial on April 9, 2012. On April 2, 2012, the Court held what was supposed to be the final pretrial conference with the parties. *See* Dkt. 136. However, due to a medical condition afflicting one of the four plaintiffs, the Court adjourned the trial to May 29, 2012. Dkt. 133.

On May 11, 2012, the Court issued an Opinion and Order which, as noted, substantially limited the universe of damages plaintiffs were permitted to pursue at trial. Dkt. 138. In light of

---

[2] Because of plaintiffs' noncompliance with various Rules and Orders, the Court has precluded or substantially limited plaintiffs' pursuit of certain categories of damages, the evidence of which should have been, but was not, produced during discovery. *See, e.g., Richmond*, 2012 U.S. Dist. LEXIS 66471, at *21 (limiting back pay damages for plaintiffs Richmond and Hattimore).

one of the plaintiffs' continuing medical issues, and the altered economic realities of the case, the Court, on May 15, 2012, held a telephone conference with the parties. *See* Dkt. 140. At that conference, the trial was further adjourned to September 24, 2012, and the parties were referred to Judge Pitman to renew settlement negotiations based on the Court's recent rulings. *Id.* The Court also, *inter alia*, directed plaintiffs' counsel to serve on their clients copies of the various opinions and orders entered in the case. *Id.*

On May 17, the Court entered an Order memorializing the discussion at the May 15 conference. Dkt. 140. That Order contained the following instruction: "The parties themselves, *i.e.* the four plaintiffs, Mr. Blitzer, and a representative of GNC, must attend the settlement conference." Dkt. 140 ¶ 2. The parties subsequently scheduled that settlement conference before Judge Pitman for July 17, 2012.

At approximately 4:42 pm on July 16, 2012—less than 20 minutes before the close of business on the day before the settlement conference—plaintiffs' counsel submitted a letter to Judge Pitman, requesting that Warkie, who now resides in Ghana, be permitted to participate in the next day's settlement conference by telephone. *See* Goldstein Aff. Ex. 1. The letter also advised Judge Pitman that—although plaintiffs' counsel had known of the date of the settlement conference for some time—his flight schedule would render him approximately 30 minutes late for the scheduled conference. *Id.* That letter, however, nowhere mentioned this Court's explicit order that "the parties themselves, *i.e.* the four plaintiffs" must be present at the conference. *Id.*

At 5:06 pm, Judge Pitman's courtroom deputy responded, by e-mail, to plaintiffs' counsel, stating that "it is fine by [Judge Pitman] for Mr. Warkie to appear by telephone." Davis Decl. Ex. 1.

[3]

At approximately 5:45 pm, defendants' counsel submitted a responsive letter, noting, *inter alia*, that this Court's prior Order of May 17, 2012 required the personal presence of each plaintiff. Goldstein Aff. Ex. 2.

Defendants' counsel has represented—and plaintiffs' counsel does not dispute—that, at the July 17, 2012 conference, Judge Pitman made clear that he would not have permitted Warkie to appear by telephone had he been apprised of the Court's May 17, 2012 Order requiring the personal presence of each plaintiff. *See* Defs.' Br. 5 ¶ 17.

## II.  The Parties' Arguments

Defendants argue that Warkie's claims should be dismissed, pursuant to Fed. R. Civ. P. 41(b), for two independent reasons. First, they assert that Warkie's non-compliance with the Court's May 17, 2012 Order requiring his presence at the settlement conference is, in and of itself, sufficient ground to dismiss his claims. Second, defendants argue that Warkie has failed to prosecute this lawsuit, because he has not participated in this case—either by appearing at a proceeding or submitting an affidavit—for more than three years. Moreover, defendants argue, plaintiffs' counsel has not affirmed that they were able to serve various opinions and orders upon Warkie as directed in the Court's May 17, 2012 Order. Thus, they claim, it does not appear that plaintiffs' counsel are, in fact, in touch with Warkie or know his whereabouts.

In a two page response, plaintiffs answer that Warkie participated, by phone, as Judge Pitman's courtroom deputy had indicated was permitted. Plaintiffs' counsel also represent that, contrary to defendants' assertions, they are in regular contact with Warkie, who intends to vigorously litigate his claims at trial. In an accompanying declaration, plaintiffs' counsel also states that Warkie "received and read a copy of the various orders that the Court instructed

[4]

counsel to provide." Davis Decl. ¶ 20. Notably absent from plaintiffs' response was any affidavit from Warkie himself.

### III. Discussion

Fed. R. Civ. P. 41(b) provides, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." When assessing a motion for the dismissal of a case for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b), a court considers the following factors: (1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result; (4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal. *See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see also Jackson v. City of N.Y.*, 22 F.3d 71, 74–76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court finds that these factors, weighed in combination, do not support the dismissal of Warkie's claims, for three primary reasons. First, although the record of plaintiffs' compliance with their discovery (and other) obligations is dismal, the particular episode of non-compliance raised by this motion—Warkie's failure to appear for a single conference—is a singular event which has injected little delay into this case. Second, notwithstanding that Warkie has been warned in the past that noncompliance with other orders may result in dismissal, *see* Dkt. 41, no such warning was explicitly made as to the Court's May 17, 2012 Order. Third, although GNC has represented that its employees and counsel made travel arrangements in

reliance on the possibility of a fruitful settlement discussion before Judge Pitman, those expenses would also have been incurred had Warkie appeared, and the effect of Warkie's absence on the conference's discussion is murky at best. There is, in particular, no reason to assume the settlement conference would have resulted in settlement, as to his claims or more broadly, had he been present in person. For these reasons, the Court finds that dismissal of Warkie's claims is not warranted.

None of this is to say, however, that Warkie's counsel's conduct was tolerable. It was not. In failing to alert Judge Pitman to this Court's May 17, 2012 Order when asking him, at the last minute, to allow Warkie to appear by phone, Warkie's counsel made a misstatement by omission and, again, disregarded their professional duties. Moreover, the timing of the request implicitly reveals that Warkie was prepared to violate that order. Given the hour plaintiffs' counsel submitted the July 16 letter to Judge Pitman, the Court's response was irrelevant: At that moment, Samuel Warkie was in Ghana, and, whatever Judge Pitman ordered, Warkie could not have been at 500 Pearl Street in Manhattan a mere 15 hours later.

Unfortunately, the record of counsel's conduct throughout this litigation leaves the Court unsurprised by such sloppiness and lack of attention to detail, which is unbecoming of a member of the bar. The Court declines, however, to visit counsel's misdeeds upon Warkie.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss Warkie's claims is denied. The Clerk of Court is directed to terminate the motion at docket number 146.

The Court has scheduled a final pretrial conference in this matter for September 6, 2012 at 2:30 pm in Courtroom 18C of the United States Courthouse, 500 Pearl Street, New York, New York 10007. The purpose of that conference will be to discuss trial mechanics, as well as any

remaining evidentiary issues. The Court will also inquire as to prospects for settlement. **All four plaintiffs, as well as defendant Blitzer and a representative of GNC with authority to bind the company and/or its insurer, must attend the final pretrial conference in person. No appearance by telephone will be permitted. Failure by any party to appear at the conference, in person, will result in sanction, up to and including dismissal and/or a default judgment.** Any application for relief from any part of this Order must be made by Monday, August 27, 2012.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 21, 2012
New York, New York